JANE ROBERTS

*v.*

THE ÆTNA LIFE INSURANCE COMPANY.

*Opinion filed October 24, 1904—Rehearing denied December 7, 1904.*

1. INSURANCE—*policy construed as to time covered.* An accident policy delivered upon the execution and delivery of four premium notes of equal amount, due thirty days apart, which provides for the insurance to continue for two months on payment of the first note, two months more on payment of the second, three months on payment of the third and five months on payment of the fourth, is an insurance for such period, only, as is covered by the premium notes paid.

2. SAME—*when retaining possession of premium notes is without significance.* Failure of an insurance company to return unpaid premium notes is not a recognition of the existence of insurance for the periods covered by such notes, where the policy provides that the possession of the notes by the company shall be conclusive

evidence that they are unpaid and that the insurance had ceased at the expiration of the time for which the premium was paid.

3. SAME—*when wife cannot recover for death of insured.* Under an accident policy providing for payment of money to the wife if death results to the husband within ninety days from an injury consequent upon an accident occurring "during the term the insurance under this policy is in force," the wife cannot recover in the event of death unless the deceased, had death not resulted, would have had the right to recover on account of the accident.

*Roberts* v. *Ætna Life Ins. Co.* 101 Ill. App. 313, affirmed.

WRIT OF ERROR to the Appellate Court for the First District;—heard in that court on writ of error to the Superior Court of Cook county; the Hon. FARLIN Q. BALL, Judge, presiding.

JULE F. BROWER, and SAMUEL B. KING, for plaintiff in error:

Promises in the application to do some act in the future are not warranties, and even where such stipulations of the application become a part of the policy by force of incorporation into the policy, a breach of them will not defeat an action upon the policy. *Accident Co.* v. *Bates,* 176 Ill. 194.

The fact that the apparent separation of the premium installments into four parts must disappear at any time a loss may occur, which may be in the first period, and that notes were taken for the entire premium when the policy was issued, determines the character of the contract as one contract for a year instead of an agreement to make four contracts for four periods aggregating a year. *Insurance Co.* v. *Amerman,* 119 Ill. 329; *Insurance Co.* v. *Robertson,* 59 id. 123.

The fact that insurance is for a specified period, which may be extended by payment of additional premiums, does not exclude waivers of the provision that unless the premium is paid at the date specified the insurance shall cease. *Insurance Co.* v. *Pulling,* 159 Ill. 603.

Such provisions are merely stipulations for forfeiture. *Insurance Co.* v. *Amerman,* 119 Ill. 329.

All stipulations for forfeiture are for the benefit of the company, and it may waive them. *Insurance Co.* v. *Warner,* 80 Ill. 410; *Illinois Life Ass.* v. *Wells,* 200 id. 445; *Insurance Co.* v. *Armstrong,* 145 id. 468; *Heaton* v. *Insurance Co.* 7 R. I. 502.

It is only the first premium the payment of which is a condition precedent to the vesting of the rights under the policy. The subsequent payments are not conditions precedent. *Insurance Co.* v. *French,* 30 Ohio St. 240; *Insurance Co.* v. *Hilliard,* 37 N. J. L. 444.

The retention, without cancellation, of negotiable promissory notes by a party who seeks to forfeit a contract for the non-payment of such notes is a waiver of his right of forfeiture. *Staley* v. *Murphy,* 47 Ill. 241; *Comstock* v. *Brosseau,* 65 id. 39; *Insurance Co.* v. *Still,* 43 Ill. App. 233; *Montgomery* v. *Insurance Co.* 77 Ky. 51; *Johnson* v. *Insurance Co.* 79 id. 403.

It is the duty of a person wishing to forfeit a contract for default of the other party, to notify the other party promptly that the party insisting upon the forfeiture has elected to declare a forfeiture and to return all the obligations of the other party. *Graff* v. *Simmons,* 58 Ill. 440; *Insurance Co.* v. *Armstrong,* 145 id. 468; *Howland* v. *Insurance Co.* 121 Mass. 501; *Montgomery* v. *Insurance Co.* 77 Ky. 51; 2 Parsons on Contracts, (6th ed.) 680.

Demanding payment of premium notes which provide for a self-executing forfeiture for non-payment is a waiver of the right of forfeiture. *Murray* v. *Insurance Co.* 90 Cal. 409; *Moreland* v. *Insurance Co.* 104 Ky. 129; *Insurance Co.* v. *Duvall,* 46 S. W. Rep. 518; 56 id. 653; *Moore* v. *Insurance Co.* 53 id. 652.

Where the insurer makes no election to treat the policy forfeited, he may enforce it, by recovery on the premium notes. *Kempshall* v. *Vedder,* 79 Ill. App. 368; *Insurance Co.* v. *Scheidle,* 18 Neb. 495; *Montgomery* v. *Insurance Co.* 77 Ky. 51.

Where an installment of deferred payments is accepted after due, the provision of the contract for forfeiture thereof for non-payment of installments cannot be enforced until after notice has been given by the party claiming the forfeiture, of his intention to insist upon punctual payment in the future. *Monson* v. *Bragdon,* 159 Ill. 161; *Watson* v. *White,* 152 id. 364; *Vider* v. *Ferguson,* 88 Ill. App. 136.

The premium notes were negotiable, notwithstanding the provision contained therein that the policy, for the premium of which they were given, should become void upon non-payment of the note. *Kirk* v. *Insurance Co.* 39 Wis. 138; *Insurance Co.* v. *Greenleaf,* 64 Me. 123; *Barker* v. *Valentine,* 10 Gray, 341; *Taylor* v. *Curry,* 109 Mass. 39; *Insurance Co.* v. *Scheidle,* 18 Neb. 495.

DANIEL F. FLANNERY, for defendant in error:

The application, policy and notes together constitute the contract, and the provisions thereof are conditions precedent to the rights of the beneficiary. *Palmer* v. *Welch,* 132 Ill. 146; *Parker* v. *Life Ass.* 86 Ill. App. 322; *Accident Co.* v. *Bates,* 176 Ill. 194; *Treat* v. *Life Ass.* 198 id. 435; *Bane* v. *Insurance Co.* 85 Ky. 677.

The notes were not given in payment of the premium, but as evidence of deferred payments. *Parker* v. *Life Ass.* 86 Ill. App. 322; *Bane* v. *Insurance Co.* 85 Ky. 677; *Robinson* v. *Insurance Co.* 76 Mich. 641.

The retention of the notes was not a waiver. *Parker* v. *Life Ass.* 86 Ill. App. 322; *Bane* v. *Insurance Co.* 85 Ky. 677; *Sullivan* v. *Indemnity Ass.* 101 Ga. 809; *McMahon* v. *Insurance Co.* 77 Iowa, 229; *Banholzer case,* 74 Minn. 387.

Receiving payment of one note after maturity was not a waiver. *Lantz* v. *Insurance Co.* 139 Pa. 546; *Bosworth* v. *Mutual Aid Society,* 75 Iowa, 582; *Benefit Ass.* v. *Tucker,* 157 Ill. 194; *Benevolent Society* v. *Baldwin,* 86 id. 479; *Insurance Co.* v. *Ross,* 159 id. 476; *Crossman* v. *Benefit Ass.* 143 Mass. 435; *Sweetser* v. *Mutual Aid Ass.* 117 Ind. 101;

*Thompson* v. *Insurance Co.* 104 U. S. 252; *Banholzer* v. *Insurance Co.* 74 Minn. 387.

Mr. Justice Scott delivered the opinion of the court:

Plaintiff in error brought her suit against defendant in error in the superior court of Cook county, upon a policy of insurance issued upon the application of David Roberts, who in his lifetime was her husband. At the close of the evidence on the part of the plaintiff, the court directed the jury to return a verdict for the defendant, and such verdict being rendered, judgment was entered thereon, which has been affirmed by the Appellate Court for the First District, and the record is brought here for review by writ of error.

The application for this policy was made on March 14, 1899, by David Roberts. The policy was one providing for payments to the insured in the event of his sustaining an injury from accident, and in the event of his death occurring as the result of an accident and within ninety days after the accident, providing for the payment of $5000 to plaintiff in error. The policy provided, however, that if the injury was the result of an accident occurring while the insured was riding as a passenger upon any public passenger conveyance using steam, cable or electricity as a motive power, the amount to be paid should be double the amount specified in the clause under which claim should be made, subject to all the conditions of the policy.

The application contained the following provision:

"9. Said policy to be written for four consecutive periods of two, two, three and five calendar months, respectively, from noon of the 14th day of March, 1899, each period being covered by a distinct premium, and I hereby agree, for myself, my estate and the beneficiary named herein, that no claim will be made on account of injuries received during any period for which its respective premium has not been paid in full in cash, except as provided by said policy in case of accident happening before first note becomes due."

The policy issued on the same day the application was made, and provides that in consideration of the warranties made in the application for the policy and of the payment in cash, on or before the expiration of one calendar month from March 14, 1899, of a certain note for six and 25/100 dollars, the insurer

"Does hereby insure, as hereinafter provided, David Roberts, of the town of Chicago, county of Cook, State of Illinois, under classification preferred, being a salesman by occupation, for the period of two calendar months, beginning at twelve o'clock noon, standard time, of the day this policy is dated, viz., the 14th day of March, 1899; and in consideration of the further cash payment on or before the expiration of two calendar months from date hereof, of a certain note for six 25/100 dollars, the insurance hereunder shall be in force for four calendar months from date of this policy; and in consideration of the further cash payment, on or before the expiration of three calendar months from date hereof, of a certain note for six 25/100 dollars, the insurance hereunder shall be in force for seven calendar months from date of this policy; and in consideration of the further cash payment, on or before the expiration of four calendar months from date hereof, of a certain note for six 25/100 dollars, the insurance hereunder shall be in force for twelve calendar months from date hereof.

"In event of valid claim arising under this policy prior to any or all of the notes above referred to becoming due (the insurance being at the time of the accident in full force and effect by reason of cash payments already made, except in case of accident happening before the first note becomes due,) the amount due the insured shall be applied to the payment of said notes, so far as it will apply to the payment of one or more of them in full, and the balance, if any, shall be paid to the insured."

The policy also provides that possession by the company or its agent of any or all of the notes given in connection

with the issuance of the policy should be conclusive evidence that the same had not been paid "and that the insurance under this policy will cease to be in force at the expiration of the term provided for herein, and also as provided by the said note or notes."

On the same day and as a part of the same transaction, Roberts gave to the insurance company his four promissory notes, each for $6.25. The first, due one month after date, contained this provision:

. "It is understood and agreed that in case this note shall not be paid in full at maturity, said policy shall become null and void. In event of claim arising before this note falls due, I hereby agree for myself, my estate, and the beneficiary named in said policy, that any or all notes given for said policy shall first be deducted in the settlement of said claim."

The second note was payable two months after date; the third was payable three months after date, and the fourth was payable four months after date. The second note contained this provision:

"It is understood and agreed that in case this note shall not be paid in full at maturity, said policy shall become null and void at the expiration of two calendar months from its date, and any partial payment made hereon shall not operate to extend the insurance under said policy beyond said term of two calendar months."

The third note contained the same provision, except that it provided for the policy becoming null and void at the end of four months from its date in the event of non-payment of this note, instead of at the end of two months, and the fourth contained the same provision, except the date at which the policy should become null and void was fixed at the end of seven months from its date in the event of the non-payment of the note, instead of at the end of two months, as in the case of the second note.

The first premium note fell due on April 14, 1899. It was not paid when due, but payment was thereafter made

and accepted on April 17, 1899. The second note fell due on May 14, 1899, and the third note fell due on June 14, 1899. Neither of the two latter was paid.

On July 10, 1899, David Roberts, while riding as a passenger in a street car, which was operated in the city of Chicago by electricity, sustained injuries from an accident, and as a result thereof died on the 26th day of that month. On July 13 or 14, 1899, an attorney at law who was the sister of Roberts, called at the office of the insurance company and tendered to the company the full amount of the three unpaid notes in satisfaction thereof. The company refused the tender, but did not offer to surrender or cancel the notes, and still held possession of the notes uncanceled at the time of the trial. On August 19, 1899, defendant in error, by its secretary, wrote to Jule F. Brower, attorney for plaintiff in error, acknowledging the receipt of the proofs of the death of David Roberts and stating: "However, inasmuch as the insurance under the policy mentioned (601,604) expired the 14th of May, by reason of the non-payment of the second note given in connection with the issue of said policy, there can be no claim made under it." The date last mentioned, May 14, 1899, fell on Sunday. Mr. Brower, the attorney for plaintiff in error, testified on her behalf, in the trial of this cause, in substance, that on a date subsequent to the beginning of this suit, one Eyler, an adjuster for defendant in error, called at his office and in a conversation with the witness stated, "We sent around to Mr. Roberts a number of times for the money that was due, and told him that these payments were due and must be paid."

The above is the substance of the facts proven by the plaintiff in the superior court, and both that court and the Appellate Court deemed them insufficient to warrant a recovery by the plaintiff, on account of the fact that the proof showed that the second note had not been paid. It will be observed that the payment of the first note, which fell due April 14, by the terms of the policy, was to carry the insur-

ance to May 14 at 12 M. The payment of the second note, which fell due May 14, would carry the insurance to July 14 at 12 M., and the payment of the third note, which fell due June 14, would carry the insurance to October 14 at 12 M.

The position of plaintiff in error is that the policy, instead of being a policy providing for four separate periods aggregating twelve months, is in fact a policy for one period of twelve months, and that its terms merely provide for the forfeiture of the rights of the insured and the beneficiary in the event of a non-payment of the notes; that the retention of the notes past due and uncanceled by the insurer, the acceptance of the amount of the first note at a date later than its maturity, and the attempt to collect some of the notes after maturity, establish a waiver, or tend to establish a waiver, of the forfeiture. We are disposed to the view that the construction contended for by plaintiff in error does violence to the language of the application, the notes and the policy, each of which is competent as evidence against the beneficiary. The application states that the policy applied for is to be for four consecutive periods of two, two, three and five calendar months, respectively, from noon of the 14th day of March, 1899, each period being covered by a distinct premium. The policy provides that it does insure David Roberts "for the period of two calendar months, beginning at twelve o'clock noon" of the day on which the policy is dated, "and in consideration of the further cash payment on or before the expiration of two calendar months from date hereof, of a certain note for six 25/100 dollars, the insurance hereunder shall be in force for four calendar months from date of this policy;" and the second note provides that the policy "shall become null and void at the expiration of two calendar months from its date" if default be made in the payment of that note. It is apparent that the contract as written is one of insurance for two months only, and that unless the second note was paid at or before maturity there would be no insurance during the second period of two months. The payment

of the second note was a condition precedent to the existence of any insurance for the second period of two months, within which the accident occurred.

It is urged that this view is incorrect, because each of the four payments was to be for the same amount. Each of the first two was to pay for a period of two months, the third for a period of three months, and the fourth for a period of five months. The amount that should be paid for any particular period was, so far as the rights of the parties to this suit are concerned, exclusively a matter of contract between the insured and the insurer.

It is then suggested that the policy provides in the event of injury from accident that "the amount due the insured shall be applied to the payment of said notes," and it is urged that if the insurance was for separate periods and the death of the insured resulted from an accident occurring in one of the earlier periods, the contract would not provide for the payment of a note given for the premium for a period beginning at a date later than the day of the accident. We think the correct view of this provision is that the greatest amount for which the company was to be liable was the highest amount specified by the terms of the policy less the sum of $25, the aggregate amount of the notes; that is, if death occurred as the result of an accident of the class which did occasion Roberts' death, while the policy was in force, the insurer would pay $9975 in excess of the amount which it had received. At any rate, all the documents executed in reference to this contract of insurance show that it is to be for four separate periods, and as Roberts, who was of full age and competent to contract, saw fit to enter into such a contract, we cannot relieve his beneficiary from the operation thereof.

In support of their theory that this policy is a policy for one entire period of twelve months, counsel for plaintiff in error refer us to *Mutual Benefit Life Ins. Co.* v. *Robertson,* 59 Ill. 123, and *Northwestern Mutual Life Ins. Co.* v. *Amerman,* 119 id. 329. In the first of these cases a life policy had

been issued. The insured failed to pay the premium which fell due on March 19, 1869. Thereafter, in November of that year, upon the payment of that premium, a renewal receipt was issued to him which was dated March 19, 1869, and recited that the policy was thereby continued in force for one year from date of the receipt, and it was held that the receipt did not make a new contract, but merely evidenced a continuance of the old, and that certain acts of the company had waived the right of forfeiture resulting from the failure to pay the premium when due. In the second case it was held that the office of a like receipt was to acknowledge the payment of the premium, as required by the terms of the policy, and avoid the effect of the condition forfeiting the insurance for the non-payment of the premium. Neither of these cases in anywise sustains plaintiff in error. On the other hand, in *McMahon* v. *Travelers' Ins. Co.* 77 Iowa, 229, a policy was involved which, like this, covered successive periods of two, two, three and five months, the premium being $5 for each period, and the policy providing: "All claims for injuries effected during any period for which its respective premium has not been actually paid shall be forfeited to the company." There the insured had given the insurer an order on his employer for money to pay the premium covering the second period. This order was payable out of the money earned in a certain month, and in that month the insured earned nothing, and it was held that there could be no recovery for death resulting from an accident in the second period for which the premium had not been paid, unless the defendant had failed to discharge some duty incumbent upon it or had waived its defense, and that the defendant did not waive its defense by its failure to cancel the policy or by its failure to return the order; that neither of these things was required of the defendant in order to preserve its right to insist that it was not liable in the action, as the policy provided that it might be enforced during some of the insurance periods and not during others, and that had the third payment

been made, the policy would have been in force during the third period without regard to its condition during the second; from which it appears that the court regarded the policy as providing for four separate and distinct periods of insurance, and not for one continuous period of twelve months.

In the case at bar, as the payment of the second note was a condition precedent to the existence of any insurance for the second period, and inasmuch as that note was not paid, it is manifest that the only thing that would continue the policy in force would be an extension of time of payment of the note or some other act on the part of the company that would demonstrate with equal clearness the purpose of the company to postpone the time of payment or waive payment entirely. There is no evidence of any such act. The failure to return the note is entirely without significance, as the policy provided that the possession of the notes by the company should be conclusive evidence that they were unpaid and that the insurance had ceased to be in force at the expiration of the term for which the premium had been paid. To argue that possession of the notes was evidence of a waiver of its rights by the insurance company is to give to such possession exactly the opposite effect to that which the insured contracted such possession should have. This we cannot do without disregarding the contract voluntarily entered into by insured and insurer. It is true the notes might have been canceled and retained, but that would have put it in the power of the insured to claim that the company had entirely dispensed with payment as a condition precedent. The case in this respect stands on a footing different from one in which failure to pay the premium merely gives the insurer the option to forfeit the policy and terminate the insurance. Here the insurance would not come into existence unless the payment was made, and to bring it into existence required some act on the part of the insured equivalent to the satisfaction of the note or an extension of the time of payment.

It is then urged that the second note, by its terms, fell due on May 14, 1899, which was Sunday, and that it therefore did not actually become due and payable until the succeeding day, and consequently there could be no default until the 15th of May, wherefore, in any view, the first period of in- surance did not expire until the 15th day of May.  In the letter written by the secretary of the company to Mr. Brower, it was stated that the insurance had expired on the 14th day of May by reason of the non-payment of the second note, and it is urged that the defendant cannot rely upon any other de- fault than the one assigned in its letter, in which it gave this reason for declining to pay, and that as the insurance had not expired on the 14th, the defense stated by the letter does not exist, and no other can now be interposed.  This contention is without merit, for the reason that it is entirely apparent from a perusal of the entire letter that the defense to which the company was calling the attention of counsel for plaintiff in error was the one here insisted upon, viz., the non-payment of the second note at maturity.

It is urged, however, that the policy contains an uncon- ditional promise to pay the wife if death results, and that even though it be true that an action on the policy, if the in- sured lived, might be defeated by his failure to comply with the conditions of the contract, still that these conditions in no wise affected the right of plaintiff in error to recover where the death of the insured ensued from the accident.  An in- spection of the policy, considering all its terms together, shows that money is payable to the wife only if death results within ninety days from an injury consequent upon an acci- dent occurring "during the term the insurance under this pol- icy is in force."  Her right to recover, therefore, in the event of his death resulting from an accident does not exist, where he would be without right to recover on account of the acci- dent had his death not resulted therefrom.

The judgment of the Appellate Court will be affirmed.

*Judgment affirmed.*