**Lillian H. Keller, Administratrix of the Estate of Rudolph C. Keller, Deceased, Plaintiff in Error, v. North American Life Insurance Company of Chicago, Defendant in Error.**

### Gen. No. 25,365.

1. INSURANCE—*statutes as part of policy.* The statutes governing insurance policies must be construed as part of such policies.

2. INSURANCE—*effect of reinstatement.* The reinstatement of an insurance policy after default is not the making of a new contract but merely a cancellation of the forfeiture, leaving the original contract in full force.

3. INSURANCE—*power to waive statutes.* Statutes governing insurance are part of the public policy of the state and cannot be waived or abrogated by contract.

Keller v. North American Life Ins. Co. of Chicago, 221 Ill. App. 81.

4. INSURANCE—*contract upon reinstatement.* A contract entered upon at the time of reinstatement of an insurance policy does not become part of the insurance contract if inconsistent with the provisions of the statute governing insurance policies.

5. INSURANCE—*construction of contract of reinstatement.* The provisions of a policy of insurance and of the statutes relating thereto must be liberally construed in favor of insured, and the same rule applies to a contract of reinstatement of a forfeited policy.

6. INSURANCE—*notes as payment of premium.* Where a policy had been forfeited and for the purpose of reinstatement part of the unpaid premium was paid in cash and notes due in six months were given for the balance and the cash was retained, it amounted to a payment of such premium although the notes were not paid when due but were retained by insurer and were collectible, and the notes and receipts stated that they were given in part payment of the premium.

7. INSURANCE—*no forfeiture where loan value exceeds premium due.* Where the loan value of a policy under its terms or under statute exceeds the premium due, no forfeiture can be declared because of failure to pay such premium.

8. INSURANCE—*extended insurance clause as preventing forfeiture.* Where the third year premium has been paid on a life insurance policy the extended insurance clause will prevent a forfeiture for nonpayment of premiums during the period of such extended insurance.

9. INSURANCE—*loan on policy.* Hurd's Rev. St. 1919, ch. 73, sec. 208u6 (J. & A. ¶ 6513) providing for loans on insurance policies, has no application to notes given for premiums on the policy, such notes not being "loans" within the meaning of the statute.

10. INSURANCE—*extended insurance.* Hurd's Rev. St. 1919, sec. 208v3 (J. & A. ¶ 6514), governing settlement upon maturity of policies of insurance, has no application to extended insurance and hence a provision in the policy as to reduction of the amount, payable under the extended insurance clause in case of indebtedness to the insurance company, is valid.

Error to the Circuit Court of Cook county; the Hon. OSCAR E. HEARD, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1919. Affirmed. Opinion filed May 3, 1921. Rehearing denied May 18, 1921.

SCHUYLER & WEINFELD, for plaintiff in error.

THOMAS E. ROONEY and FERDINAND GOSS, for defendant in error.

Keller v. North American Life Ins. Co. of Chicago, 221 Ill. App. 81.

MR. JUSTICE MATCHETT delivered the opinion of the court.

Plaintiff below sued the defendant insurance company upon three policies issued and delivered by the defendant on December 30, 1911. The policies are for the aggregate amount of $80,000 payable by their terms to the executrix or administratrix of the estate of Rudolph C. Keller, whose death occurred May 15, 1915. The case was tried by the court, without a jury, and the facts are practically undisputed.

The insurance as originally issued was in the form of two policies for the sum of $50,000 and $30,000, respectively. The $30,000 policy was afterwards split into two policies of $20,000 and $10,000 each. By the terms of the policies the annual premiums (of the aggregate amount of $1,581.60) were payable upon delivery of the policies and annually thereafter. The premiums for the first two years were paid by Rudolph C. Keller in cash. The third premium fell due December 30, 1913, and default was made in the payment thereof and under the terms of the policies, by reason of such nonpayment, the policies lapsed. In February thereafter, Rudolph C. Keller made application to have these three policies reinstated. He paid in cash on account of said premiums due the sum of $397.60, and delivered his promissory notes for the balance, each of said notes being dated back to the default day, December 30, 1913.

One of these notes was for the sum of $444 and the other was for the sum of $740 and each of the notes by its terms was due six months from date, and was to draw interest at the rate of 5 per cent per annum. Each of the notes stated upon its face that it was agreed that the note was "given in part payment of premium due 12/30/1913" (on policies, stating upon each note the number of the policy) and "with the understanding that all claims to further insurance, and all benefits whatever, which payment in cash of

said premium would have secured, shall become immediately void and forfeited to said Company if this note is not paid at maturity.''

Upon delivery of the notes, and as part of the same transaction, the defendant Insurance Company gave receipts to Keller as follows:

''Received from the owner of policy No. (inserting the number of the policy)      dollars (inserting the amount of payment) in cash, and a promissory note for the balance of the annual payment due thereon December 30, 1913, subject to the following agreement: It is agreed that this receipt is given and accepted with the understanding that. all claims to further insurance and all benefits. whatever, which payment in cash of said premium would have secured, shall become immediately void and forfeited to said Company if the promissory note or notes given in payment for the premium due as above be not paid at maturity.''

The notes fell due June 30, 1914. Prior thereto, on June 20, a notice was forwarded by the Insurance Company to Keller in due course of mail, stating the time of the maturity of each of the notes and place of payment, but neither the notes nor any one of them were or have been paid. Neither the notes nor the cash payment made at the time the policies were reinstated have been returned to the insured or his representatives, nor has there been any offer so to do, or any affirmative steps taken to forfeit the policies, or to give notice that this was to be done.

The policies in question provided that premiums should be paid within one month after the date when due, and by a clause in the policy known as the automatic extended insurance clause it was provided:

''Automatic Extended Insurance. After premium on this policy shall have been paid in cash for three full years, if any subsequent premium is not paid within one month after the date when due, and if this policy be not surrendered for its Cash Surrender Value or indorsed for Paid-up Life Insurance,

the insurance hereunder will without any action on the part of the Insured be continued for its face amount, but without right to loans, as non-participating paid-up term insurance for the period indicated in Column (2) of the accompanying table, from the date to which premiums have been paid, provided, that if there be any indebtedness hereon to the company, the amount payable hereunder will be reduced in the proportion that the total indebtedness bears to the cash surrender value of this policy at date of default.''

The policies were not surrendered for their cash surrender value, nor indorsed for ''Paid-up'' life insurance.

The trial court held as a proposition of law that under the facts and circumstances in evidence the plaintiff was entitled to recover on the policies and refused to hold, as requested by the defendant, that ''Upon the nonpayment at maturity of the notes given by the insured in relation to the third premium on the policies introduced in evidence, said policies became and were forfeited and void, and there can be no recovery by plaintiff in this cause of action.'' The court, however, applying the automatic extended insurance clause as above stated, held that the amount which the plaintiff was entitled to recover was reduced in the proportion that the total indebtedness of Keller bore to the cash surrender value of the policies at the date at which he defaulted, and plaintiff admits that if said clause was properly applied the amount of the judgment is correct.

She further contends, however, that she is entitled to recover the full amount of the policies with interest thereon, and, therefore, brings this appeal from the judgment rendered in her favor. On the other hand, the defendant contends, and has assigned cross errors, that under the provisions of the notes and receipts, and by the reason of the nonpayment of the notes at maturity, the policies became and were for-

feited, and that the plaintiff is not entitled to recover anything upon them.

Plaintiff in error's contentions are in part based on the provisions of an act in force January 1, 1908, Hurd's Rev. St. 1919, ch. 73, p. 1739. That statute provides 208u (J. & A. ¶ 6513):

"That from and after January 1, 1908, no policy of life insurance shall be issued or delivered in this State, or be issued by a life insurance company organized under the laws of this State, unless the same shall provide for the following * * *. (3) That the policy, together with the application therefor, a copy of which application shall be endorsed upon or attached to the policy and made a part thereof, shall constitute the entire contract between the parties. * * *

"(6) That after three full years' premiums have been paid, the company, at any time while the policy is in force, will loan, on the execution of a proper note or loan agreement by the insured, and on proper assignment and delivery of the policy and on the sole security thereof, at a specified rate of interest, a sum equal to or at the option of the insured less than the reserve at the end of the current policy year on the policy and on the dividend additions thereto, if any (the policy to specify the mortality table and the rate of interest adopted for computing such reserve) less a specified percentage (not more than two and one-half) of the amount insured by the policy and of the dividend additions thereto, if any, and that the company will deduct from such loan value any existing indebtedness on or secured by the policy and any unpaid balance of the premium for the current policy year, and may collect interest in advance on the loan to the end of the current policy year: *Provided,* that such loan may be deferred for not exceeding six months after the application therefor is made. *No condition other than* as herein *provided shall be exacted as a prerequisite* to any *such loan.* This provision shall not be required in term insurance, nor shall it apply to temporary insurance or pure endow-

ment insurance, issued or granted in exchange for lapsed or surrendered policies." Sec. 208u, par. 6.

"(7) That in the event of default in premium payments, after premiums shall have been paid for three years, the insured shall be entitled to a stipulated form of insurance, the net value of which shall be at least equal to the reserve at the date of default on the policy and on dividend additions thereto, if any (the policy to specify the mortality table and rate of interest adopted for computating such reserve) less, a specific percentage (not more than two and a half) of the amount insured by the policy and of existing dividend additions thereto, if any and less any existing indebtedness to the company on or secured by the policy: *Provided*, that the policy may be surrendered to the company at its home office within one month of date of default for a specified cash value at least equal to the sum which would otherwise be available for the purchase of insurance as aforesaid: *And, provided, further*, that the company may defer payment for not more than six months after the application therefor is made. This provision shall not be required in term insurance of twenty years or less." Sec. 208u, par. 7.

The statute further provides, 208v (J. & A. ¶ 6514).

"No policy of life insurance shall be issued or delivered in this State, or be issued by a life insurance company organized under the laws of this State, if it contain any of the following provisions.

"3. A provision that in the event of the maturity of any policy after the expiration of the contestable period thereof, for any mode of settlement at maturity of less value, according to the company's published rates therefor then in use, than the amount insured on the face of the policy, plus dividend additions, if any, less any indebtedness to the company on or secured by the policy, and less any premium that may by the terms of the policy be deducted.

"4. A provision for forfeiture of the policy for failure to repay any loan on the policy, or to pay interest on such loan, while the total indebtedness on

88    APPELLATE COURTS OF ILLINOIS.

Keller v. North American Life Ins. Co. of Chicago, 221 Ill. App. 81.

the policy is less than the loan value thereof.''

The first question to be determined is whether the plaintiff can recover. If the premiums were paid for three years then under the provisions of the policies and statute (which must be construed as a part of the policies) the insurance was continued ''as a non-participating paid-up term insurance'' for the period of two years and four months, and the policies were valid and subsisting contracts at the time of Keller's death. By virtue of the same statute, in case the third premium was paid, these policies acquired a loan value in excess of any amount due and owing by Keller upon his notes given to the Insurance Company for the balance of the premiums.

On the other hand, if the transaction at the time the policies were reinstated did not amount to such payment, the qualities mentioned would not attach to the policies.

The Insurance Company contends that the premiums were not paid for three full years, and says: ''It is highly important to bear in mind that in the case at bar the original policies lapsed after two years, premium had been paid, and that such policies were brought to life again through the instrumentality *of a new contract,* viz.: a contract consisting of the original policies, the notes and the receipts, and that the condition upon which such reinstatement was made, was that the notes should be paid at maturity.''

The contention of the Insurance Company cannot be sustained. The general rule is that the effect of a reinstatement of an insurance policy is not the making of a new contract, but merely the cancellation of the forfeiture of the old one, and that the original contract is left in full force. This rule has been expressly adopted by the Supreme Court of this State. *Monahan v. Fidelity Mut. Life Ins. Co.,* 242 Ill. 488; Cooley on Insurance, sec. 2406. It is clear, therefore, that the number of premiums paid must be computed

as from the date of the original policies, and that the terms of the original contracts must be construed as in force after the reinstatement thereof.

Whether the provisions of the notes and receipts could be engrafted upon these original policies so as to become a part of them, and subject them to forfeiture by reason of such provisions, may well be considered doubtful, in view of the provision of the statute that, ''the policy together with the application therefor, a copy of which application shall be endorsed upon or attached to the policy and made a part thereof shall constitute the entire contract between the parties.  *  *  *'' *Lewis v. Burlington Ins. Co.*, 71 Iowa 97; *Summers v. Des Moines Ins. Co.*, 116 Iowa 593.

But if we assume that the effect of the transaction at the time the policies were reinstated was to engraft these provisions of the notes and receipts upon them, there remains for consideration the question whether the transaction in so far as it provided for the forfeiture of the policies upon the nonpayment of the notes was valid under the provisions of the statute, or inconsistent with the terms of the original policies. The Insurance Company contends that such provisions for forfeiture have been held conscionable, valid and enforceable by this and other courts, particularly relying on *Iowa Life Ins. Co. v. Lewis,* 187 U. S. 335; *Ressler v. Fidelity Mut. Life Ins. Co.,* 110 Tenn. 411; and *Roberts v. Aetna Life Ins. Co.,* 101 Ill. App. 313.

These cases are, however, distinguishable in important respects from the instant one, first, in that the original policies there construed, unlike these, contained clauses which provided in effect that the nonpayment at maturity of any note given for the premiums should forfeit the policy; in the second place in that those policies, unlike these, did not involve the construction of statutes similar to those which now control the making of life insurance contracts in this

90          APPELLATE COURTS OF ILLINOIS.

Keller v. North American Life Ins. Co. of Chicago, 221 Ill. App. 81.

State; and in the third place, in those cases the policies did not contain any such provision as to the effect of the payment of the third premium as is contained in the policies here sued on. These statutes are a part of the public policy of this State, and cannot be waived or abrogated by any contract. *Equitable Life Assur. Society v. Pettus,* 140 U. S. 226; *Head v. New York Life Ins. Co.,* 241 Mo. 403. These statutes were, we think, enacted for the purpose of preventing hardships to policyholders which resulted from the enforcement of the rule as to forefeiture announced in the cases on which plaintiff in error relies. The intention to be gathered from these statutes seems to be that upon the payment of the third premium the policies should, by force of the statute, acquire qualities which would prevent the forfeiture thereof if the policy had, in fact, acquired a real value.

We think, therefore, the cases cited are not controlling, and that the first question raised as to whether the plaintiff can recover must depend upon whether the transaction at the time the policies were reinstated amounted to a payment of the third premium within the meaning of the statute and the policies. If it did, then the provisions of the policies with reference to the automatic extended insurance and the provisions of the statute as to the loan value of the policy and its nonforfeitability attached.

That the provisions of the policy and the statutes must be liberally construed in favor of the insured is elementary. The transaction, at the time of the reinstatement of the policies, assuming again that the statute does not forbid the engrafting of other conditions upon them, was undoubtedly whatever the parties intended it to be. Liberally construed, in plaintiff's favor, we think the transaction must be held to be a payment of the third premium.

In the first place, as to that part of the premium which was paid in cash, there can be no question.

That cash has not been returned, nor has there been any offer to return it. We find it difficult indeed to construe the transaction as a divisible one. As counsel for the plaintiff pointed out, we might well suppose a case where all of the premium was paid in cash, except $10, and a note taken for that amount. Would it be contended in such a case that the non-payment of the note would forfeit the policies? We think not. The whole transaction, we think, indicates the intention of the parties that it should amount to a payment of the third premium. The same receipts covered the cash as the notes. The cash and the notes seem to have been equivalents in the minds of the parties, and the language of the notes and the receipts indicates the intention of the parties that the notes as well as the cash should constitute payment. In each of the notes it is stated:

"It is agreed that this note is given *in part payment* of premium due 12/30/1913 on policy (stating the number of the policy to which the note was applicable)."

Each of the receipts states:

"Received from the owner of policy No. (inserting the number of the policy to which the receipt applied) Dollars in cash, and a promissory note for the balance of the annual payment due thereon December 30, 1913, subject to the following agreement," etc.

In the absence of the statement which follows as to forfeiture the notes would be regarded as payment, and default in the payment of the note would not, by the weight of authority, forfeit the policy. 25 Cyc. 826; *Curtis v. Hubbard,* 9 Metc. (Mass.) 322; *Bradway v. Groenendyke,* 153 Ind. 508. It is true that very language indicates an intention that the policy might be forfeited if the notes were not paid at maturity. However, no steps have been taken to enforce the forfeiture. The cash paid on the premium, as well the notes, has been retained, and that the notes are

collectible clearly appears from the facts in evidence. We think the provision of the notes and receipts as to forfeiture is void as contrary to the terms of the original policies and inconsistent with the statutes.

We think the transaction must be regarded as payment of the third premium, and that such premiums having been paid the policy, by virtue of the statute, acquired a loan value exceeding an amount which thereafter became due for such premiums, and that under general principles the company could not declare the policies forfeited while it had in its hands money or credits belonging to the insured, equal or exceeding such indebtedness. *Supreme Lodge v. Neister,* 204 Ill. 527; *Caywood v. Supreme Lodge,* 171 Ind. 410; *Franklin Life Ins. Co. v. Wallace,* 93 Ind. 7; *Albrecht v. People's Life & Annuity Ass'n,* 129 Mich. 444; *McNaughton v. Des Moines Life Ins. Co.,* 140 Wis. 214, 122 N. W. 764. We think, too, the third year premiums having been paid, the automatic extended insurance clause of the policy came into operation and prevented a forfeiture prior to Keller's death. We therefore think the court correctly held the plaintiff might recover.

The second question on the record is what should be the amount of that recovery. The automatic extended insurance clause provides:

"That if there be any indebtedness hereon to the company, the amount payable hereunder will be reduced in the proportion that the total indebtedness bears to the cash surrender value of this policy at the date of default."

If this provision is valid and binding plaintiff concedes the amount of the judgment is correct. But plaintiff says that this provision is illegal and void because it violates the first paragraph of section 6, 208u (J. & A. ¶ 6513), above set forth, which provides no condition, other than as here provided, shall be exacted as a prerequisite to any such loan. Second,

Keller v. North American Life Ins. Co. of Chicago, 221 Ill. App. 81.

because it violates the provisions of paragraph 3 of section 208v (J. & A. ¶ 6514), above set forth, which forbids the issue of any policy with "a provision that in the event of the maturity of any policy after the expiration of the contestible period thereof, for any mode of settlement at maturity of less value, according to the company's published rates therefor then in use, than the amount insured on the face of the policy, plus dividend additions, if any, less any indebtedness to the company on or secured by the policy, and less any premium that may by the terms of the policy be deducted."

As to the first contention, we think it is clear that the transaction here involved did not amount to a loan within the meaning of that section, and that it is therefore inapplicable here. As to the second contention, we do not think giving the automatic extended insurance clause a reasonable construction it can be held to provide for any "mode of settlement at maturity." On the contrary, its provisions go to the substance of the contract of insurance, and provide distinctly for the terms upon which it will be continued in force, not the mode of settlement at maturity. We think it was undoubtedly the design of this statute to prevent abuses which had come about by reason of modes of settlement provided for in certain contracts of insurance. These policies do not contain such provisions.

The judgment of the trial court was, in our opinion, right and it will be affirmed.

*Affirmed.*

BARNES, P. J., and GRIDLEY, J., concur.