## ANDERSON *v.* SCOTLAND.

*(Circuit Court, D. Minnesota.* July, 1883.)

PRACTICE—SETTING ASIDE JUDGMENT—ABSENCE OF COUNSEL.

> The general rule is that parties and counsel will be required to attend to their cases, and be prepared when they are reached on the docket; but cases may occur when, through the absence of counsel, if injustice is done to one party or the other, it can be afterwards corrected; and if a judgment is obtained through the absence of counsel, the judgment may be set aside upon terms.

At Law.

*C. K. Davis* and *H. H. Horton,* for plaintiff.

*Lovely & Morgan,* for defendant.

NELSON, J., *(orally.)* A motion is made by counsel for the defendant to set aside the verdict of the jury, which was obtained for the reason, substantially, that the counsel were taken by surprise, and that a judgment was obtained through accident or mistake. The general rule is that parties and counsel are required to attend to their cases, and to be prepared when the cases are reached. This case was No. 1 on the docket. The *venire* was returnable on the sixth day of July, the jury was in attendance, and this case, as I said, was No. 1 on the docket and could have been tried. It is true that cases sometimes occur when, through the absence of counsel, if injustice is done to one party or the other, it can be afterwards corrected; and if a judgment is obtained through the absence of counsel, the judgment may be set aside upon terms. When this case was reached upon the calendar, it is true, as stated by the deponent in his affidavit, the counsel for the defendant, the presiding judge stated there would be no peremptory call of the calendar; that the justice of the supreme court of the United States, who would preside, would be in attendance on the following Monday, and that no case would be peremptorily set down for trial; but that any case that could be heard by consent of counsel, or any cases of settlement of damages, or where there would not be any appearance on the part of the defendant, could be disposed of then. It was said by counsel for plaintiff that there would be no appearance on the part of the defendant; that he had communicated with the attorneys of record for the defendant, and they had stated to him, in this language, "Go ahead." It appears that the deponent in this case, the counsel for the defendant, although not appearing as counsel of record, had been managing the case since it was removed from the state court to this court, and among the papers a stipulation appeared in which Messrs. O'Brien & Wilson, Mr. O'Brien being the deponent in this case, appeared as the attorneys for the defendant. If the court had known, or if it had been intimated to the court, that the last-named counsel were to take charge of this case, and had participated in the management of the same, the case certainly would not have been

·called without the consent of counsel. At the same time the attorney for the defendant should have been in attendance at the term of court, prepared, when the case was reached, either to dispose of it by trial, or to move for its continuance, or to take such steps as might be required.

In view of all the circumstances of the case, I think terms should be imposed upon counsel, and the verdict set aside. The verdict will be set aside on payment of the taxable costs of the term.