Boutin, Appellant, vs. Andreas and another, Respondents.

*May 5—June 1, 1915.*

*Dismissal and nonsuit: Right to dismiss or discontinue: Discretion of court: Counterclaim: Judgment.*

1. The trial court may refuse to permit plaintiff to dismiss or discontinue the action, even though such dismissal or discontinuance would not interfere with defendants' right to the trial of the issue on a counterclaim.
2. There is no practical difference between a voluntary dismissal and a discontinuance so far as plaintiff's right to bring another action is concerned.
3. Where there is a real controversy and issue has been duly joined, plaintiff may be compelled to proceed or take a dismissal which will preclude another action for the same cause.
4. Defendants having alleged that it was agreed that performance of a second contract upon which they based their counterclaim should extinguish the plaintiff's claim for damages under the contract sued on, failure to produce evidence in support of such allegation did not preclude defendants from proving their counterclaim and not only recovering the amount due thereon but putting at rest plaintiff's adverse claim.

Appeal from a judgment of the circuit court for Bayfield county: G. N. Risjord, Circuit Judge. *Affirmed.*

Action to recover for breach of contract.

Plaintiff claimed defendants breached their warranty respecting a heating plant installed in his residence.

They alleged acceptance of the work and counterclaimed for $163 on a completed contract for furnishing and installing new boilers and connections in place of existing ones, same to be accepted in full satisfaction for any claim he had for damages in respect to the subject mentioned in the complaint. He replied, admitting the contract to install new boilers and material, but denied that performance of such contract was to extinguish his claim for damages. He admitted performance of the secondary contract, but denied that the agreed price therefor amounted to the sum claimed by defendants.

After the case was duly called for trial and before the jury was impaneled plaintiff asked leave to dismiss his complaint, at the same time consenting to permit defendants to enter a judgment of nonsuit. Plaintiff did not offer evidence. Defendants offered evidence to support their claims. The court directed a verdict in their favor for the amount they claimed, and judgment was rendered accordingly.

The cause was submitted for the appellant on the brief of *Hanitch & Hartley,* and for the respondents on that of *E. C. Alvord.*

MARSHALL, J. Did the court err in refusing to permit plaintiff to discontinue?

Appellant's counsel support the affirmative of the question stated upon the theory that a plaintiff, before submission of his case, has an absolute right to dismiss without prejudice to trial of the issue on the counterclaim in case of there being one. The law is otherwise as declared in *State ex rel. Milwaukee v. Ludwig,* 106 Wis. 226, 82 N. W. 158; *Anderson v. Horlick's M. M. Co.* 137 Wis. 569, 119 N. W. 342. Earlier cases, such as *McLeod v. Bertschy,* 33 Wis. 176, to the effect that a plaintiff, as to his own claim has an undoubted right to discontinue, are modified by the later ones holding that the court may, in its discretion, refuse a request therefor, as in this case.

It must be kept in mind that while the term "dismissal" was used in this case, instead of discontinuance, it was a voluntary dismissal which was sought, a mere discontinuance, leaving the plaintiff free to again resort to a judicial remedy for the same redress as before. There is no practical difference between a voluntary dismissal and discontinuance. So, though in *State ex rel. Milwaukee v. Ludwig* and *Anderson v. Horlick's M. M. Co.* the proceeding dealt with was called a discontinuance, it was identical with a voluntary dismissal as regards the after status of the parties.

The trial court had ample reason in this case for refusing to permit appellant, after having brought respondents into court to withdraw his claim and preserve competency to vex them again and take up the time of the court by commencing another action. If parties have a real controversy which must be settled by judicial interference and an issue is once duly made up in respect to the matter, the plaintiff should not be allowed to trifle with judicial administrative facilities by discontinuing without cause. The court may well exercise its authority to compel him to proceed or take a dismissal which will terminate the matter so far as cognizable by courts.

It is said the claim that the secondary contract was in settlement of appellant's claim upon the first contract was not a proper subject for litigation in this action because not pleaded. We perceive no merit in that. Respondents distinctly alleged it was agreed that performance of the secondary contract should extinguish the claim for damages. The failure to produce evidence of such claim by no means precluded them from proving the whole subject of the counter-claim and, not only recovering the amount due thereon, but putting at rest the adverse claim.

Lastly, it is suggested that the court erred in directing a verdict in respondents' favor because the evidence did not establish their claim as to the amount due. The contrary seems plain. One of the defendants testified that the amount of material furnished under the contract was $468.44; that the time to be charged for was 391 hours; that plaintiff was to pay all freight and cartage bills, and that the balance due was $163.94. In the absence of evidence to the contrary there was nothing to do but find for the defendants as was done.

*By the Court.*—The judgment is affirmed.