SCHLESINGER, Appellant, vs. SCHROEDER and others, Respondents.

*November 10, 1932—February 7, 1933.*

404

For the appellant there was a brief by *Fawsett & Shea* of Milwaukee, and oral argument by *Edmund B. Shea.*

For the respondents there was a brief by *Fish, Marshutz & Hoffman,* attorneys, and *I. A. Fish* and *W. H. Voss* of counsel, all of Milwaukee, and oral argument by *Mr. Fish.*

The following opinion was filed December 6, 1932:

FRITZ, J.    Plaintiff commenced this action against Walter Schroeder, as principal, and the Massachusetts Bonding & Insurance Company, as surety, on a bond executed and delivered by them to plaintiff in the penal sum of $25,000, with interest at the rate of seven and one-half per cent. per annum, to be paid to plaintiff, as obligee, with the condition, however, "that if said Thirty-fifth & Wisconsin Company shall pay to said obligee all sums of principal and interest owing under said note and mortgage when due, then this obligation shall be void, otherwise to be and remain in full force and effect."   The note and mortgage mentioned in that provision were executed and delivered by the Thirty-fifth & Wisconsin Company to ·the defendant Schroeder to evidence and secure a loan of $25,000, the payment of which, with interest at the rate of seven and one-half per cent. per annum before maturity and ten per cent. per annum after maturity, was to be made on February 18, 1932.   In connection with the sale and assignment of that note and mortgage by Schroeder to plaintiff, the bond was delivered in accordance with a written offer to plaintiff to "supply a bond issued by the Massachusetts Bonding & Insurance Company, guaranteeing payment of interest and principal when due."   In his complaint herein plaintiff alleged that he, as the holder of the $25,000 note on the due date, viz., February 18, 1932, made due presentment thereof to the maker, and demanded payment, which was refused; and that there is now due and owing from the maker to plaintiff

the sum of $25,000, with interest at the rate of seven and one-half per cent. per annum from August 18, 1931. Plaintiff also alleged that notice of the maker's default was communicated to the principal and surety on the bond, and demand made upon them for performance of their covenants therein; that plaintiff performed all conditions precedent to be performed by him in respect to the obligations of the principal and surety under the bond; and that there is due from them to plaintiff the penal sum stipulated therein with interest.

In their answer Schroeder and the surety alleged that they have no knowledge or information sufficient to form a belief as to whether or not plaintiff made due presentment of the note and demanded payment thereof, and as to whether or not payment was refused, and therefore they denied those allegations and put plaintiff to his proof. Those defendants further alleged on information and belief that no damage has accrued to plaintiff by reason of the default of the maker of the note, and that plaintiff has suffered no damage recoverable on the bond. In respect to that answer it must be noted that those defendants did not deny or question the plaintiff's allegation that the $25,000 and interest were due and owing from the maker of the note to the plaintiff. By demurrer plaintiff challenged the sufficiency of the facts alleged in that answer to constitute a defense. The court overruled that demurrer and that order is here for review on plaintiff's appeal.

In substance and effect the bond in question is a guaranty of payment and not merely of collection. The obligation thereunder is voided only in the event of payment by the maker of the note and mortgage "when due." Otherwise the obligation of the principal and surety under the bond is in full force and effect. Under such a bond,—

"There is no obligation on the part of the creditor to proceed against the principal debtor, and if the latter fails

to pay, an action may generally be maintained against the guarantor, without a demand or legal proceedings against the principal. Nor is a creditor, before proceeding against the guarantor, under any legal obligation to resort to securities given by the principal debtor." 12 Ruling Case Law, pp. 1089, 1090.

See, also, *Day v. Elmore,* 4 Wis. 190; *Loverin & Browne Co. v. Travis,* 135 Wis. 322, 115 N. W. 829; *McIntyre v. McGovern,* 185 Wis. 290, 201 N. W. 259; *O'Neil v. Russell,* 192 Wis. 141, 212 N. W. 278.

In the case at bar, upon the maker's failure to pay, plaintiff was entitled, under the bond, to recover from Schroeder and the surety the amount (within the pecuniary limits of the bond) then due from the maker regardless of whether any part thereof was collectible from the latter. Consequently, without any showing to excuse plaintiff's failure to enforce collection from the principal debtor, the undenied facts alleged in the complaint, including the fact that there is due and owing the principal and interest of the note, are sufficient to entitle plaintiff to recover on the bond. That fact is not denied in any form in the answer, and the default of the maker is inferentially admitted. On the other hand, liability on the bond in suit is not conditioned upon damage in some other form resulting to plaintiff, by reason of the maker's failure to pay when due; and consequently, to entitle plaintiff to recover, it is not necessary. for him to allege that he sustained any special damage because of delay in receiving payment. It follows that plaintiff's demurrer to the complaint should have been sustained, and that the court's order to the contrary must be reversed.

On the application of Schroeder and the Massachusetts Bonding & Insurance Company, four other persons, who had also guaranteed the payment of the note, were added as parties defendant herein, and Schroeder and the Massa-

chusetts Bonding & Insurance Company filed a cross-complaint in which they alleged that the $25,000 note was secured by the guaranty of those other defendants; that it was also amply secured by a real-estate mortgage, which plaintiff has not foreclosed; and that his damages are speculative and cannot be determined with reasonable certainty at this time. The prayer to that cross-complaint is that the mortgage be foreclosed and the mortgaged property sold on foreclosure; that if any deficiency occurs, judgment therefor be entered and enforced against the other defendants before enforcing any judgment against Schroeder and the Massachusetts Bonding & Insurance Company; and that as against them, plaintiff be enjoined from proceeding in his action at law until the determination of that foreclosure. A demurrer filed by plaintiff to that cross-complaint was also overruled. That cross-complaint does not state any cause of action for relief against the plaintiff. Under Schroeder's and the Massachusetts Bonding & Insurance Company's guaranty of payment, the plaintiff as a creditor was not under any legal obligation to first enforce collection from the maker or any other guarantor, or to first resort to securities given by the principal debtor. Until payment to plaintiff by Schroeder or the Massachusetts Bonding & Insurance Company of the guaranteed indebtedness, or at least an offer to pay that indebtedness upon the assignment of the note and mortgage by plaintiff to them, under such circumstances as to entitle them to subrogation, they had but an inchoate interest in the note and mortgage, which could not be enforced by them until the right of subrogation vested in them upon payment by them. Until then it was not necessary for the plaintiff, in seeking recovery from them, to even tender the security in court to entitle him to recover from the sureties. As this court has said:

"It is not necessary for him (a creditor) to make a tender of the security in court in order to entitle him to maintain

an action and recover judgment against the surety. Sub-rogation is an equitable right in favor of the surety which does not arise until payment has been made. One of the very first essentials to the enforcement of the right of sub-rogation is proof of the payment of the debt. Until that is done the right of subrogation is a mere inchoate right and cannot be enforced." *Defiance Machine Works v. Gill,* 170 Wis. 477, 175 N. W. 940; *O'Neil v. Russell, supra.*

Until the sureties became entitled to those securities they were not entitled to have them enforced for their benefit. Under their guaranty of payment, and not merely of collection, plaintiff was entitled to immediate recovery from the sureties, and his right to immediate recovery from them could not be postponed for their benefit until after efforts to recover by foreclosure or otherwise were exhausted. Under their status as disclosed by the pleadings, the sureties are not entitled to any relief whatsoever as against the plaintiff, and the court erred in overruling plaintiff's de-murrer to the cross-complaint.

Likewise the court erred in denying the motion which plaintiff made under sec. 270.635, Stats., upon the pleadings and affidavits, for a summary judgment for $25,000, and interest at the rate of seven and one-half per cent. per annum from August 18, 1931. Plaintiff was entitled to have that motion granted. It is true that it is necessary in view of sec. 270.61, Stats., "in all actions brought for the breach of the conditions of a bond" or "to recover a penalty for non-performance of any covenant or agreement," if plaintiff re-covers, that "his damages shall be assessed and judgment entered for the amount thereof, and enforced as in other ac-tions upon contract." However, in this case, it appears with-out contradiction that the breach and non-performance ex-tends to the full amount of the indebtedness of $25,000, and interest thereon from August 18, 1931, which the principal debtor was to pay on February 18, 1932; and that, as plaint-iff is now entitled to recover that full amount under the

bond, there is no occasion for assessing plaintiff's damages in any other manner than in any other action upon contract to recover damages, which are liquidated and definite in amount.

Although the court erred in denying plaintiff's motion for a summary judgment, we are without jurisdiction to reverse that ruling at this time because it is not an appealable order. It is similar in effect to a motion for judgment on pleadings, which was held not appealable in *Lancaster v. Borkowski*, 179 Wis. 1, 190 N. W. 852. It may affect a substantial right, but it does not also, as is required to be appealable, under sec. 274.33 (1), Stats., in effect determine the action and prevent a judgment from which an appeal might be taken. All of those conditions must exist in order to render an order appealable under sub. (1) of that section (*Reinhart v. Fire Asso. of Philadelphia*, 93 Wis. 452, 67 N. W. 701; *St. Patrick's Cong. v. Home Ins. Co.* 101 Wis. 155, 76 N. W. 1125; *Ajax Rubber Co. v. Western Petroleum Co.* 185 Wis. 74, 200 N. W. 668); and it is not contended that there is any other statutory provision under which the order can be considered appealable. It is true that in New York, after an earlier decision to the contrary, it was finally held that such orders will be reviewed on appeal (*Lee v. Graubard*, 205 App. Div. 344, 199 N. Y. Supp. 563; *Hongkong & Shanghai Banking Corp. v. Lazard-Godchaux Co.* 207 App. Div. 174, 201 N. Y. Supp. 771; *Interstate Pulp & Paper Co. v. New York Tribune*, 207 App. Div. 453, 202 N. Y. Supp. 232); but the New York statute differs from sub. (1) of sec. 274.33, Wis. Stats., in that the former authorizes appeals from an order *either* where it affects a substantial right *or* where it in effect determines the action, etc. (art. 39, sec. 609, p. 107, Gilbert-Bliss Civil Practice Act, 1926), and does not require the concurrent existence of the three conditions.

*By the Court.*—The orders overruling plaintiff's demurrers to the answer and cross-complaint of Walter Schroeder and the Massachusetts Bonding & Insurance Company are reversed, and the cause is remanded with directions to enter orders sustaining both demurrers, and for further proceedings.

A motion for a rehearing was denied, with $25 costs, on February 7, 1933.