FRENCH, Appellant, vs. CONTINENTAL ASSURANCE COMPANY, Respondent.

*February 14—March 15, 1938.*

For the appellant there were briefs by *Bloodgood, Kemper & Passmore* and *William E. Burke,* all of Milwaukee, and *John P. Roemer* of Madison, and oral argument by *Mr. Burke* and *Mr. Roemer.*

For the respondent there were briefs by *Wood, Warner & Tyrrell,* and oral argument by *Jackson M. Bruce,* all of Milwaukee.

WICKHEM, J.    The principal question involved on this appeal is whether the policy sued upon was in force at the time of insured's death.    It is contended by defendant that it was not, because of the failure to pay the premium instalment due on March 2d within the period of grace or at any other time prior to the death of the insured.    Plaintiff contends that the insurance company had no right to declare a forfeiture for nonpayment of premium because the policy contained no express provision that in the event of nonpayment of premium within the grace period the policy should lapse.    It is conceded by both parties that the controversy is governed by the law of Illinois, and no further examination into this aspect of the case will be made.

Plaintiff claims that an Illinois case decided by the court of appeals of that state is strictly in point and governs the controversy. The case is that of *Bolton v. Standard Life Ins. Co.* 219 Ill. App. 177, 181. This was an action upon a certificate of membership for $2,000 in the Mutual Protective League, a fraternal insurance association, whose risks were later taken over by the Standard Life Insurance Company. After the death of insured, payment was refused on the ground that the policy had lapsed prior to the death of insured. The court there states that the controlling question is whether the policy had lapsed because of a failure to pay a monthly instalment of the annual premium, it being undisputed that this instalment was not paid. The policy provided that all premiums were payable annually in advance, but that with the company's consent the annual premium might be paid in monthly instalments. It was further provided that upon the death of the insured any unpaid portion of the premium for the current policy year should be deducted from the amount payable under the policy. The policy contains the provision:

"The payment of any premium or instalment thereof shall not maintain this policy in force beyond the date when the succeeding premium or instalment thereof becomes payable except as herein expressly provided."

It was held that under the peculiar provisions of this policy the annual premium, which during a current policy year could be discharged by instalments, did not become entirely due until the end of the year, and that the provisions concerning grace being applicable to every premium or instalment, there would be a period of grace after the entire yearly premium had become due and payable; that here the entire premium did not become due and payable until the end of the policy year, and the policy would not lapse until all of

the annual premium was due and remained unpaid during the period of grace; that there was no provision for a lapse or forfeiture for failure to pay a fractional part of the premium; and that the policy could not be forfeited for a mere failure to pay a monthly instalment. The court states that forfeitures are not favored in the law, and that a policy of life insurance cannot legally be forfeited merely for non-payment of the premium when it is due where no express provision is made therefor in the policy. The court also holds as an equally decisive factor that there were circumstances here amounting to a waiver of the company's right to forfeit the policy by reason of delay in paying instalments. The case offers some difficulties of analysis. Aside from the fact that it is independently grounded upon waiver of forfeiture, it contains a strong intimation that had the entire annual premium become due, and had the period of grace thereafter expired, the policy would have lapsed. This is inconsistent with the doctrine ascribed to the case by plaintiff that there could be no forfeiture in the absence of a formal forfeiture clause. The reasonable conclusion is that under the terms of this policy, liberally construed, the whole premium was not due until the end of the policy year or so in default as to produce a lapse until the expiration of a period of grace thereafter without payment of the premium. It is not for us to comment upon the soundness of this conclusion, but we do think that no more than this can be attributed to the holding without bringing it into conflict with Illinois cases of greater authority.

In *Old Colony Life Ins. Co. v. Hickman,* 315 Ill. 304, 146 N. E. 132, the insured had failed to pay a quarterly premium during the period of grace. The policy in that case provided for automatic insurance or cash surrender in case of the lapse of the policy. The supreme court of Illinois held that the company might properly treat the policy as lapsed and apply the policy provisions for paid-up insurance.

While there were provisions for certain privileges upon lapse because the policy called for a premium sufficient to produce a surplus, it is evident that the right of the insured to continue paying the premium and get indefinite insurance protection was held to have been terminated by the failure to pay the premium.

In *Amps v. Public Life Ins. Co.* 239 Ill. App. 427, 432, it was found by the lower court upon sufficient evidence that a premium due upon the policy had not been paid. It was contended that since the policy did not contain a provision for forfeiture for nonpayment of premium within the period of grace, plaintiff was entitled to recover. The *Bolton Case* was cited in support of this contention. It was held that while there was no clause in the policy providing for forfeiture in case of nonpayment of quarterly premium, the policy provided that:

" 'The payment of a premium, or any instalment thereof, shall not maintain the policy in force beyond the date when the next premium or instalment thereof is due and payable;' " and " 'Should this policy lapse by reason of nonpayment of any premium, it may be reinstated. . . .' "

The agreement was to pay to the beneficiary "provided this policy is in force at the time of the death of the insured." It was held that the policy lapsed for nonpayment of a quarterly premium before expiration of the grace period. To the same effect is *Roberts v. Aetna Life Ins. Co.* 101 Ill. App. 313, affirmed 212 Ill. 382, 72 N. E. 363. Here the policy merely provided that in case of nonpayment of any of the premium notes which were all given in advance the policy should cease to be in force. It was held that this provision made the prepayment of premiums a condition precedent to the obligation of the insurer upon the contract.

In *Hanson v. Northwestern Mut. Life Ins. Co.* 229 Ill. App. 15, 19, the policy provided : "Upon default in the payment of any premium this policy shall cease and determine

except as hereinafter provided." This was held to be sufficient to cause the policy to lapse for nonpayment of premiums.

In *John Hancock Mut. Life Ins. Co. v. Chevillon* (7th Cir.), 45 Fed. (2d) 980, involving a term policy similar to that here involved, the federal court held that a provision in the policy that payments of any premiums or instalments thereof should not maintain the policy in force beyond the date when succeeding premium or instalments became payable was effective to produce a lapse or forfeiture after the period of grace following default in payment of semiannual premiums notwithstanding the absence of a specific forfeiture clause. The court was there construing Illinois law. It distinguishes the *Bolton Case* in several respects: (1) That the decision is independently grounded upon waiver; (2) that the policy in the *Bolton Case* was a ten-payment life policy, and that in such a policy the payments are large enough to carry the insurance after the premium payments ceased. In the case at bar the agreement is to pay on death of the insured "while this policy is in full force." Conversion provisions are provided "if this policy be continued in force." Except as otherwise provided the payment of a premium "shall not maintain this policy in force beyond the date when the next premium is due." With respect to the period of grace, it is provided that the policy shall be in force during this time. There is a proviso that if the "policy shall lapse by reason of default in premium payment it may be reinstated" upon the discharge of prescribed conditions. The incontestability clause excepts from its operation the defense of nonpayment of premium. The terms of the policy are clear, and the most liberal construction in favor of the insured could not read out of it these explicit provisions for a lapse for nonpayment of premium. "Forfeiture" is not a magic word. Other words indicating that the policy is

"to cease" or that it is not to continue "in force," accomplish the same purpose. This seems to us to be sound in principle and to represent the Illinois law upon the subject.

The next contention of plaintiff is that the following provision in the policy indicates that credit was to be given for premiums. The policy provides:

"Any indebtedness to the company hereon, *including any part of the premium for the current insurance year unpaid at the time of the death of the insured,* will be deducted in any settlement hereunder."

We agree with the holding in the *Hancock Case, supra,* that this clause does not concern extension of credit upon overdue premium payments. The premium is an annual payment, due in advance. By agreement it may be discharged by semiannual instalments. Where this is done, credit for half the premium is extended until the expiration of the period of grace following the due date of the second instalment. If the premium is not paid before this time there is a lapse. If the insured dies before this time the clause under consideration permits deduction in any settlement of the second instalment of the annual premium. This is the sole purpose of the clause. It does not mean that there is a general extension of credit to the insured that permits him to omit paying his premiums subject to having them later deducted upon a settlement.

The next assignment of error is that the court allowed the sum of $100 as costs. The court acted under the provisions of sec. 271.04 (1), Stats. 1937. This provides:

"When the amount recovered or the value of the property involved is one thousand dollars or over, the costs (exclusive of disbursements) shall be one hundred dollars. . . ."

It is the contention of plaintiff that the summary judgment is a result of a motion therefor under the provisions of

sec. 270.635 (2), Stats., and that the costs are governed by sec. 271.07, which reads:

"Costs may be allowed on a motion, in the discretion of the court or judge, not exceeding ten dollars, and may be absolute or directed to abide the event of the action."

We cannot assent to plaintiff's contention. The costs allowed by sec. 271.04, Stats., are costs of an action upon its final disposition. Such final disposition is ordinarily initiated by motion, but it could hardly be contended that this fact would limit the costs to motion costs. The statute makes no distinction in costs between summary judgments and other judgments, and we see no basis upon which this court may do so.

*By the Court.*—Judgment affirmed.