**NELSON v. DEVNEY et al.**
No. 6573.

Circuit Court of Appeals, Seventh Circuit.
March 3, 1939.

W. T. Doar, W. P. Knowles, III, both of New Richmond, Wis., for appellant.

Alexander Wiley and Marshall A. Wiley, both of Chippewa Falls, Wis., for appellees.

Before SPARKS and TREANOR, Circuit Judges, and WHAM, District Judge.

SPARKS, Circuit Judge.

This action sought to recover damages in the sum of $26,500 alleged to have resulted from the negligence of the defendants with respect to a collision of appellant's automobile with a truck and trailer which was owned by appellees, the Devneys, and was driven by the appellee, Miles. The Builders and Manufacturers Mutual Casualty Company was joined as a party defendant by reason of a liability insurance policy which it had issued, covering the truck and trailer to the extent of $10,000 for injuries to one person. The jury returned a verdict for the defendants, a judgment was accordingly entered, and from it, together with certain orders made by the court after the judgment, this appeal is prosecuted. In order to get a clear understanding of the questions presented, it is necessary to state the facts chronologically.

The collision occurred about two o'clock in the morning of March 15, 1935. Miles, with a load of horses in the truck and trailer, was driving westwardly with defendant, William Devney, on Wisconsin state highway number 29, which is a twenty-foot paved highway. About five miles east of Thorp, the left rear wheel of the trailer was lost, which resulted in lowering that side of the trailer several inches until the weight of the load rested on the brake drum which was twenty-two inches in diameter. William Devney walked into Thorp leading four of the horses. Miles followed with the truck and trailer at a speed of ten to fifteen miles an hour. For a distance of sixty or seventy miles immediately east of the collision there had been intermittent fogs. At the time of the collision Miles was driving on a straight level stretch and had entered a fog belt where his vision was reduced to fifteen or twenty feet. As he was thus driving he saw in the rear-view mirror the headlights on appellant's car as he was approaching. Miles thereupon drove his truck and trailer partly on the north shoulder of the highway so that the truck and trailer were four feet north of the black center line, and moving at about ten miles an hour. Appellant's car crashed directly into the rear end of the trailer and jammed under it.

Appellant was driving his own car and was pinned back of its steering wheel. Passing motorists took appellant and his companion, Meagher, to Thorp. Appellant's car was loosened from the trailer with the help of a wrecker and towed into Thorp. The truck and trailer drove into that town under their own power. A red tail light four inches in diameter, embedded in the crossbeam of the rear of the trailer, was still burning after the collision. Appellant's car had impacted the trailer almost in the center so that the front wheels of appellant's car were in line with the respective rear wheels of the trailer.

Appellant, a resident of Minnesota, instituted this action on December 28, 1935, in the Federal court for the Western District of Wisconsin, where all the individual defendants were residents, and summonses were served on January 3, 1936. On February 9, 1936, appellant's guest companion, Meagher, instituted an action in the Wisconsin State Circuit Court for Eau Claire County, against the present defendants and appellant and his insurance carrier. That action terminated adversely to Meagher. On February 13, 1936, the appellees an-

swered the present complaint. On April 27, 1936, while William Devney was in Minneapolis .on business, a summons and complaint involving the same collision were served on him. The plaintiff and defendants in that case were the same as those in the instant case, and up to the time of this judgment there was no service of process upon any of the defendants in the Minnesota case other than William Devney. The instant case, under the rules of the District Court, was due to be tried in the December term 1936, and appellees had prepared their case for trial, and had no notice from anyone that the case would not then be tried, until the thirtieth day of November, 1936, when appellees' attorney was notified by the clerk of the District Court that he had received a letter under date of November 21, 1936, from appellant's counsel as follows: "Will you kindly dismiss the above entitled cause without prejudice and without further notice to either party. Upon the call of the calendar you may advise the Court that the action may be dismissed without prejudice because we intend to prosecute the action within the state of Minnesota."

On December 8, 1936, appellant's same counsel filed in the District Court the following: "Comes now the plaintiff above named, Guy Nelson, by and through his attorneys, and dismisses the above entitled action without prejudice and without costs to either party. Dated this 5th day of December, 1936." This was signed by appellant's counsel and upon it there appears the following endorsement: "Motion to dismiss was denied. Patrick T. Stone, District Judge." On February 8, 1937, there appears in the record an unserved notice that on that day or as soon thereafter as counsel could be heard, the plaintiff would move for a dismissal without prejudice. On February 10, 1937, the District Court heard the motion and ordered: "That the motion of the plaintiff for dismissal be denied with Ten Dollars ($10.) costs." Thereupon the court set the case for trial on February 18, 1937.

On that date the case was called for trial and appellant moved for a continuance, supported by a physician's certificate. Appellees objected to the motion and filed a counter affidavit. The motion was denied and a jury was empaneled and sworn. Appellant refused to introduce any evidence and appellees called their witnesses and presented their case. The court directed a verdict for the appellees and entered a judgment for them dismissing the suit on the merits, with judgment for costs in the sum of $163.56. In addition to this general verdict the jury returned a special verdict in the form of answers to interrogatories.[1]

On April 19, 1937, appellant moved for the following orders: (1) To set aside the judgment entered February 18, 1937; (2) to grant him leave to file a motion for a new trial; (3) if one and two were granted, then to set aside the verdict and grant a new trial; (4) if one, two and three were denied then to set aside the verdict and judgment and to relieve him of his default in his appearance at the trial.

On August 24, 1937, the court granted appellant's motion for a new trial in the following language:

" * * * That while the plaintiff utterly failed to comply with the statutory provisions on the motion for continuance, nevertheless, in the interests of justice, plaintiff's motion for a new trial is hereby granted, on condition, however, that within ten days after the entry of this order the plaintiff shall pay to the defendants the costs and disbursements heretofore taxed in said judgment, and in addition thereto the sum of $75.00 as attorneys' fees, and on the further condition that this action shall be tried at

[1] "We, the jury, for our Special Verdict in the above entitled action, answer the questions submitted as follows:

"First Question: On March 15, 1935, at the time of the collision between the plaintiff's automobile and the defendant's truck, was the driver of the defendants' truck, Ora Miles, negligent in his manner of operating the truck.
"Answer: No.
"Second Question: If you answer 'yes' to the First Question, then answer this question: Was the collision between the plaintiff's automobile and the defendants' truck a natural result of the negligence on the part of the defendant, Ora Miles.

"Answer: ......
"Third Question: At the time of the collision between the plaintiff's automobile and the defendants' truck, was the plaintiff negligent in his manner of operating his automobile.
"Answer: Yes.
"Fourth Question: If you answer 'yes' to the Third Question, then answer this question: Was the collision between the plaintiff's automobile and the defendants' truck a natural result of the negligence on the part of the plaintiff.
"Answer: Yes."

the next jury term of this Court to be held at Superior, Wisconsin, commencing on September 13, 1937."

On August 30, 1937, the appellant moved the court to permit him to dismiss his action without prejudice and with costs; and that in case he were denied such permission, an order be made striking out the conditions imposed upon him by the order of August 24, 1937.

On September 14, 1937, the court ruled on this motion, and in its order it set forth the history of the case including the dates of the various rulings which we have hereinbefore referred to. The court then stated that inasmuch as it had denied appellant's prior motion to dismiss his action, and no exception was taken to that ruling, "the Court now refuses to allow the plaintiff to file his third motion to dismiss the complaint without prejudice." The court, however, permitted appellant to file that part of his motion which sought to strike out the conditions imposed upon him by the order of August 24, and after hearing arguments of counsel made the following order: "Therefore, It Is Ordered, that the plaintiff's motion for an order striking out the conditions of the order of the Court dated the 24th day of August, 1937, be and the same is hereby denied. To all of which the plaintiff may have an exception."

We are first met with appellees' motion to dismiss the appeal because application was not made therefor within three months from the entry of the judgment in accordance with the provision of 28 U.S. C.A. § 230. Rule 25 of the Rules of Practice of the Federal Court, as adopted by the Western District of Wisconsin, provides that judgments or decrees shall not be deemed to take final effect for the purpose of appeal so long as a motion in arrest of judgment or for a new trial, or a motion or petition for rehearing is pending; provided, that such motion or petition must be brought to hearing without unreasonable delay. The point raised by appellees is that appellant's motion of August 30, 1937, to dismiss his action, and for the court to strike out the conditions imposed upon him by the order of August 24, did not come within this rule because it was neither a motion for a new trial nor a petition for rehearing. Technically this position is correct. However, if the conditions were stricken, the result would be the granting of a new trial without condition, and this would have extended

to him more relief in that respect than he had theretofore been granted. To this extent we think the motion must be considered in effect as one for a new trial. We arrive at this conclusion more willingly because of the drastic rules in Wisconsin with respect to the dismissal of actions and the conditions which may be imposed upon the parties seeking to dismiss. This motion was not disposed of until September 14, 1937, and the appeal was allowed on December 13, which was within the time to give this court jurisdiction. For these reasons the motion to dismiss the appeal is denied.

It is contended by appellant that the court erred in not sustaining his motion to dismiss the complaint without prejudice before trial. With respect to the dismissal or continuance of actions and voluntary nonsuits, it is well-settled that Federal courts must follow the State practice. 28 U.S.C.A. § 724; Barrett v. Virginian Ry. Co., 250, U. S. 473, 39 S.Ct. 540, 63 L.Ed. 1092; Baker, Fentress & Co. v. Young, 7 Cir., 55 F.2d 53.

Section 270.24 of the Wisconsin Statutes (1935) provides that a plaintiff has no right to submit to a nonsuit after the argument of the cause to the jury shall have been concluded or waived. It is argued by appellant that this statute, by inference, permits such dismissal before the argument has begun. There have been many decisions of the higher court of Wisconsin with respect to this statute, and we think it is clear from the later decisions of that court that the right to dismiss an action of any kind before argument is not an absolute one, but is one which lies within the sound discretion of the court to grant. State ex rel. Milwaukee v. Ludwig, 106 Wis. 226, 82 N.W. 158; Rohr v. Chicago, North Shore & Milwaukee Ry. Co., 179 Wis. 106, 190 N.W. 827; Obermeier v. Milwaukee Elec. Railway & Light Co., 177 Wis. 490, 188 N.W. 603; Boutin v. Andreas, 161 Wis. 152, 152 N.W. 822. See also, Baker, Fentress & Co. v. Young, supra; and Baker v. Sisk,[1] D. C. E. Oklahoma, Dec. 17, 1938. In the Boutin case the court said, "If parties have a real controversy which must be settled by judicial interference and an issue is once duly made up in respect to the matter, the plaintiff should not be allowed to trifle with judicial administrative facilities by discontinuing without cause." [161 Wis. 152, 152 N.W. 823.]

In the Obermeier case the court said, "Whatever, therefore, might be the rule at

---

[1] No opinion for publication.

common law, there is in this state under the established rule no absolute, unqualified right in the plaintiff to insist, on his own motion, to a discontinuance or dismissal of the action at any stage before argument is closed or waived." [177 Wis. 490, 188 N.W. 605.]

In the Ludwig case the court said, "when a plaintiff attempts to exercise his so-called absolute right to discontinue an action prosecuted by him, varied and numerous considerations may need to be weighed by the court before reaching its conclusion whether to allow or deny effect to such attempt. The effect of a termination of the suit upon others, either the defendant or third parties, or sometimes the public, is to be considered, and, if any prejudice to such persons is discoverable, whether it is such as to warrant retention of the suit." [106 Wis. 226, 82 N.W. 160.]

█ █ Appellant relies on many cases from other jurisdictions which hold otherwise, but those are jurisdictions where the right to dismiss under certain circumstances is absolute, hence those cases are not pertinent here. Under the rule in Wisconsin then, this contention resolves itself into the question whether the District Court abused its discretion in denying appellant's motion to dismiss the complaint before the trial. It is obvious from a reading of this record that appellant's sole object was to try his case in Minnesota, and not to try it within the jurisdiction of Wisconsin. He voluntarily invoked the jurisdiction of the Federal District Court of Wisconsin, and we think the District Court was quite right in refusing to permit him a dismissal without prejudice under the facts disclosed. The individual defendants resided in Wisconsin, as did all of the witnesses except appellant and his companion. The court recognized appellees' difficulty in procuring the attendance of these witnesses in the trial of the case in another state. This, with other reasons clearly stated by the court, actuated its rulings and we cannot say that the court abused its discretion in this respect. Furthermore, appellant saved no exception to this ruling, and we think that failure was not remedied by the court's subsequent order on September 14, 1937.

█ It is further contended by appellant that the court erred in not granting his motion for a continuance. This contention must also depend upon whether the court abused its discretion in so ruling. The court was confronted with opposing affidavits. Furthermore, section 270.145(3) of the Statutes (1935) provides that the opposing party may defeat the continuance by admitting that the absent witness would testify as claimed. The court suggested this statute to the parties, and appellees stated in open court that they would make such admission. Thereupon, appellant refused to accept this offer. Under these circumstances, we are unable to say that the court abused its discretion in this ruling. Schamper v. Ullrich, 131 Wis. 524, 111 N.W. 691; Texas & Pacific Ry. Co. v. Humble, 8 Cir., 97 F. 837.

█ It is next contended by appellant that the court erred in permitting the appellees to introduce their evidence. There was no error in this procedure. Wisconsin Statutes 270.13 (1935). Boutin v. Andreas, supra; Hineline v. Minneapolis Honeywell Regulator Co., 8 Cir., 78 F.2d 854; Fugitt v. Lake Erie & Western R. R. Co., D.C., 287 F. 556.

█ It is further contended by appellant that the court erred in not granting a new trial without the conditions which were imposed upon him. For this reason he urges that he did not have his day in court. Appellant was represented in court by his attorney and we think he was accorded every reasonable opportunity to participate in the trial. Having refused to further participate, he is in no position to claim that he was deprived of his day in court, and we think the court was well within its judicial discretion in imposing the conditions. Quilhot v. Hamer, C.C., 158 F. 188; Phenix Ins. Co. v. Charleston Bridge Co., 4 Cir., 65 F. 628; Whitcomb v. Gandy, C.C., 37 F. 735.

█ Appellant contends that the court abused its discretion by imposing the condition that he proceed to trial at the term of court opening in Superior, on September 13, 1937. We think there is no merit in this contention. Boutin v. Catlin, 101 Wis. 545, 77 N.W. 910; Bryce v. Southern Railway Co., C.C., 129 F. 966. Complaint is also made that the court in imposing the conditions stated that appellant was a successful broker in Minneapolis and was able to pay the amount of costs and attorneys' fees. The record does not disclose the evidence upon which the court based this statement. Even though the reference to appellant's financial ability in this respect might have been ill-advised and erroneous, yet we think it was harmless, for the ruling was correct, whether he was financially able or not. See

Keeler Brothers v. Yellowstone Valley Natl. Bank, D.C., 235 F. 270; Anderson v. Scotland, C.C., 17 F. 667.

Bearing upon the condition of appellant's health as an objection to proceeding with the trial at the September term of court, it is worthy of note that the physician's affidavit made in April, 1937, stated that appellant in the preceding month had shown marked improvement, and was showing gradual improvement. Furthermore, appellant's own affidavit made at that time stated that if the judgment which was then entered were set aside and a new trial granted, he would be able to attend the trial and testify as a witness. Under these circumstances we think there was no error in imposing the condition of an early trial.

Further contention is made that the court erred in not permitting appellant to file his motion to dismiss the action after the new trial was granted. From what we have said, there was no error in this ruling.

Judgment affirmed.