ZUTTER and another, Respondents, vs. KRAL, Appellant.

*January 10—February 8, 1955.*

For the appellant there was a brief by *Frank E. Huettner* and *Eugene R. Jackson,* both of Cadott, and oral argument by *Mr. Huettner.*

For the respondents the cause was submitted on the briefs of *Stafford, Pfiffner & Stafford* of Chippewa Falls.

MARTIN, J.    The action was commenced in October, 1953. In November defendant served his counterclaim listing 18 particulars in which he alleged the barn was defective. On January 3, 1954, adverse examination of the parties was held and at that time plaintiffs' attorney requested and received permission of defendant's attorney to inspect the barn.    An inspection was thereafter made by plaintiffs' attorney and two salesmen, Mr. Lammers and Mr. Thorson, who were not experts.    In March, 1954, the attorneys for the parties agreed to set the case for trial on April 14, 1954, and a jury was selected pursuant to such agreement.

On April 13, 1954, at the request of plaintiffs' attorney, one James Kraft, an employee of plaintiffs, and Albert Schroetter, a building contractor of Bloomer, called at the defendant's farm and requested permission to inspect the barn. Such permission was refused by defendant's attorney and on the following day, before commencement of trial, the motion was made for permission to inspect and for a continuance until such inspection could be made.

Sec. 269.57(1), Stats., provides, so far as material:

"The court, or a judge thereof, may, upon due notice and cause shown, order either party to give to the other, within a specified time, an inspection of property . . . in his possession or under his control containing evidence relating to the action. . . ."

Plaintiffs' counsel did not follow the statute. The trial court stated:

"The court holds that it is not essential to make application to the court for the purpose of making the investigation of the disputed building, particularly so in view of the fact that an agreement had been made between the counsel for the various parties to make such examination. . . ."

From a reading of the record it seems plain that plaintiffs' counsel understood, by the agreement with opposing counsel, that he would be permitted to make whatever inspection or inspections he considered necessary to prepare the defense to the counterclaim. It also appears that defendant's counsel felt he had complied with the agreement when he permitted plaintiffs' attorney to inspect the barn with Mr. Lammers and Mr. Thorson, since the assertion is made that following such inspection no further request was made.

Whether there was an agreement between counsel or not, and whatever its terms may have been, the right of the plaintiffs to have an inspection of the barn is governed by the statute and should have been applied for thereunder.

If the statutory procedure had been followed no misunderstanding would have arisen and the time and expense involved in this appeal would have been avoided. The facts of this case point up the advisability of taking advantage of the statute in these matters.

Respondent argues that since the motion was made in open court full notice was given and sec. 269.57 (1), Stats., does not apply. We cannot agree. Where there is a statutory procedure specifically designed for the purpose sought by plaintiffs, that procedure must be followed.

With respect to the payment of defendant's witness and attorney fees, sec. 270.145 (6), Stats., provides:

"No continuance by the court or referee shall be granted unless by consent of parties except upon immediate payment of the fees of witnesses in actual attendance and reasonable attorney's fees. Costs of continuance shall be taxed by the clerk immediately and without notice."

The statute is mandatory, and the trial court erred in denying defendant's motion for such fees.

That portion of the order transmitting the case to the circuit court for trial is not appealed from. Plaintiffs will have the opportunity of applying to that court for the necessary inspection.

*By the Court.*—The portions of the order appealed from are reversed, and cause remanded for further proceedings consistent with this opinion.