BURLING, Respondent, vs. BURLING, Appellant.

*April 9—May 7, 1957.*

For the appellant there was a brief and oral argument by *A. D. Sutherland* of Fond du Lac.

For the respondent there was a brief by *Lehner & Lehner* of Princeton, and oral argument by *Philip Lehner, Sr.*

FAIRCHILD, J.   At common law, and in early years under the code, a plaintiff had the absolute right to discontinue an action before or after issue joined and without leave of court. *Bertschy v. McLeod,* 32 Wis. 205, 210. Later decisions, however, recognize certain qualifications upon plaintiff's right to discontinue. Leave to discontinue may be denied, in the discretion of the court, if the rights of defendant, third parties, or the public will be substantially prejudiced by discontinuance. *State ex rel. Milwaukee v. Ludwig,* 106 Wis. 226, 233, 82 N. W. 158; *School District v. Clifcorn,* 133 Wis. 465, 467, 112 N. W. 1099; *Anderson v. Horlick's Malted Milk Co.* 137 Wis. 569, 572, 119 N. W. 342; *Guinther v. Milwaukee,* 217 Wis. 334, 258 N. W. 865. In a divorce action it has been held that plaintiff husband was not entitled to an unconditional discontinuance, but the court had discretion to require him to pay the reasonable expenses incurred in defense of the action as a condition. *Schulz v. Schulz,* 128 Wis. 28, 31, 107 N. W. 302.

Because plaintiff's right to discontinue is not absolute, and it is the duty of the court to exercise discretion, we consider that a plaintiff's motion for dismissal should be heard upon notice. There was no notice to defendant in the case before us, and the order of dismissal must therefore be reversed. We conclude that plaintiff's motion for dismissal will still be before the circuit court, to be heard upon notice. Defendant will thus have an opportunity to present her position to the circuit court. She has asserted here that she is prejudiced by the dismissal because (1) her motion that plaintiff be adjudicated in contempt has not been decided, (2) she has had no opportunity to refute charges made against her in connection with plaintiff's motion for a blood test, and (3) she

has not been awarded costs. We leave the merits of these assertions to the circuit court.

The notice of appeal included the "failure" of the circuit court to act on two matters. In a proper case, upon proper application for exercise of the superintending control of this court over others, an appropriate writ may be issued compelling a circuit court to dispose of a pending matter. Appeals are taken from orders or judgments. An "appeal" from inaction accomplishes nothing, and only the order of dismissal is before us on this appeal.

*By the Court.*—Order reversed, cause remanded for further proceedings upon plaintiff's motion to dismiss.