KIMMEL, Plaintiff and Appellant, v. KIMMEL, Defendant: PIONEER IRON & METAL CORPORATION and others, Interpleaded Defendants and Respondents.

*February 2—March 8, 1960.*

For the appellant there was a brief by *Eisenberg & Kletzke,* attorneys, and *John W. Bernard* of counsel, all of Milwaukee, and oral argument by *Mr. Bernard.*

For the respondents there was a brief by *Goldenberg & McKay,* attorneys, and *Samuel Goldenberg* of counsel, all of Milwaukee, and oral argument by *Samuel Goldenberg* and *J. Curtis McKay.*

BROWN, J. This is a divorce action by the wife against the husband. Order No. 1 denied plaintiff's motion to interplead a corporation and a partnership in which plaintiff alleged that the parties have financial interests.

Orders from which appeals may be taken are designated by sec. 274.33, Stats. The part of the statute pertinent to Order No. 1 permits an appeal to the supreme court from:

"(1) An order affecting a substantial right, made in any action, when such order in effect determines the action and prevents a judgment from which an appeal might be taken."

Appellant submits that the order should be reversed as an abuse of the trial court's discretion. We do not reach the question of the discretion exercised by the trial court. An order denying an application by one who is already a party to an action to implead some third party is not appealable. We held this most recently in *State v. McDonald Lumber Co.,* ante, p. 206, 100 N. W. (2d) 701, in which we reviewed the precedents establishing that conclusion.

When an order is determined to be unappealable, the supreme court has jurisdiction only to dismiss the appeal. *Wendt v. Dick* (1935), 219 Wis. 230, 262 N. W. 576.

Order No. 2 denied plaintiff's motion to require the defendant to deposit an adequate sum to the credit of the plaintiff to defray costs and attorney's fees in taking an appeal from Order No. 1. Appellant submits that the denial of her motion was an abuse of discretion.

The part of the statute pertinent to Order No. 2 permits an appeal to the supreme court from:

"274.33 (2)    A final order affecting a substantial right made in special proceedings, without regard to whether the proceedings involve new or old rights, remedies, or proceedings and whether or not the right to appeal is given by the statute which created the right, remedy, or proceedings, . . ."

Sec. 260.03, Stats., defines special proceedings thus:

"ACTION DEFINED; SPECIAL PROCEEDING.   An action is an ordinary court proceeding by which a party prosecutes another party for the enforcement or protection of a right, the redress or prevention of a wrong, or the punishment of a public offense. Every other remedy is a special proceeding."

Appellant's motion requiring respondent to finance an appeal is a special proceeding and the order affecting this alleged substantial right is therefore appealable. However, the denial of a motion to compel defendant to furnish funds to plaintiff to prosecute an appeal from an unappealable order cannot possibly be regarded by this court as an abuse of discretion.

*By the Court.*—Appeal from Order No. 1 is dismissed. Order No. 2 is affirmed.