RUSSELL, Appellant. v. JOHNSON and others, Respondents.*

*September 8—October 3, 1961.*

* Motion for rehearing denied, with $25 costs, on November 28, 1961.

For the appellant there was a brief by *Conway & Conway* of Baraboo, and oral argument by *Vaughn S. Conway* and *Kenneth H. Conway, Jr.*

For the respondents there was a brief by *Schmitt, Wurster & Tinglum* of Merrill, and *O'Melia & Kaye* of Rhinelander, and oral argument by *John F. O'Melia* and *Leonard F. Schmitt.*

FAIRCHILD, J. 1. *Appealability of order dismissing complaint.* Respondents previously moved to dismiss this appeal on the ground that the order dismissing the complaint without prejudice, but with conditions for recommencement, is not an appealable order. We denied the motion.

Sec. 274.33, Stats., provides:

"The following orders when made by the court may be appealed to the supreme court:

"(1) An order affecting a substantial right, made in any action, when such order in effect determines the action and prevents a judgment from which an appeal might be taken."

All three of these conditions must exist for an order to be appealable under this section.[1]

This order affects a substantial right. It prevents plaintiff from pursuing his cause of action unless he pays more than $900 to the clerk of circuit court.

An order dismissing an action determines the action within the meaning of sec. 274.33 (1), Stats.[2] In *Willing v. Porter*[3] the trial court denied plaintiff's request for a default judgment. The order was held not appealable because the order contemplated further proceedings in the same action and therefore did not determine the action. In the case now at bar, on the other hand, the order fully determined the action, although it left open the adjudication of the

[1] *Schlesinger v. Schroeder* (1933), 210 Wis. 403, 410, 245 N. W. 666.

[2] *State v. Eigel* (1933), 210 Wis. 275, 246 N. W. 417, and *Prochnow v. Northwestern Iron Co.* (1914), 156 Wis. 408, 145 N. W. 1098, 145 N. W. 1104.

[3] (1954), 266 Wis. 428, 63 N. W. (2d) 729.

alleged cause of action. Having terminated the action without judgment, it is clear that the order prevents a judgment from which an appeal might be taken.[4] It is appealable.

2. *Review of other orders.* Plaintiff has appealed from and asks this court to review the orders of the trial court denying his motion for change of venue and his challenge to the array.

An order which denies a motion for change of venue is not an appealable order.[5] An order which denies a challenge to the array is not appealable. Such order does not determine the action and does not prevent a judgment from which an appeal might be taken. Sec. 274.33 (1), Stats.

Plaintiff contends, however, that these orders are reviewable under sec. 274.34, Stats., which provides:

"Upon an appeal from a judgment, and upon a writ of error, the supreme court may review any intermediate order which involves the merits and necessarily affects the judgment, appearing upon the record."

This statute allows review of intermediate orders only upon an appeal from a judgment. On an appeal from an order, the supreme court lacks the power to review a prior order.[6] The dismissal without prejudice, which is the subject of the present appeal, does not constitute a judgment. A

---

[4] The appealability of an order or judgment is generally determined by the finality such determination has on the action at bar. In *United States v. Wallace & Tiernan Co.* (1949), 336 U. S. 793, 69 Sup. Ct. 824, 93 L. Ed. 1042, for example, judgment was entered dismissing the action without prejudice. The United States supreme court held that the fact that the dismissal was without prejudice to filing another suit did not make the cause unappealable, for denial of relief and dismissal of the case had ended this suit.

[5] *Trossen v. Burckhardt* (1960), 9 Wis. (2d) 304, 100 N. W. (2d) 918.

[6] *Pick Industries, Inc., v. Gebhard-Berghammer, Inc.* (1952), 262 Wis. 498, 56 N. W. (2d) 97, 57 N. W. (2d) 519.

judgment is the final determination of the rights of the parties in the action.[7]

Plaintiff contends that the action of the trial court did constitute a final determination of certain "rights" of the plaintiff, *i.e.*, to a jury impaneled in accordance with law, in a county where such a jury can be obtained free from prejudice, and to recommence the action without being obliged to comply with the conditions set by the court. These "rights," though important and substantial, did not go to the merits of the alleged cause of action nor of any affirmative defense.[8] Therefore the order of the trial court was not a judgment, and we lack the power to review the intermediate orders.

It follows that we express no opinion on the merits of plaintiff's challenge to the array or his request for change in place of trial. Whether or not the circuit court was correct in denying plaintiff's challenge, we point out that jury commissioners can avoid the question raised by plaintiff if they are careful to determine from census figures the number of persons to be placed on the list from each town, village, and city ward as required (as nearly as practicable) by sec. 255.04 (2) (a), Stats.

3. *Conditions for the recommencement of the action.* Plaintiff contends that the court erred in imposing upon plaintiff the obligation to reimburse the defendants, the state of Wisconsin, and Oneida county for the expenses incurred

---

[7] Sec. 270.53, Stats.; *State v. Eigel, supra,* footnote 2, page 277. To distinguish a judgment from an order, the test is not the designation applied by the court, but whether the decision is a final determination of the rights of the parties; if it is, it is a judgment, otherwise it is an order. *Werner v. Riemer* (1949), 255 Wis. 386, 402, 39 N. W. (2d) 457; *State v. Donohue* (1960), 11 Wis. (2d) 517, 520, 105 N. W. (2d) 844.

[8] See *Kling v. Sommers* (1948), 252 Wis. 217, 220, 31 N. W. (2d) 206.

in preparing for trial October 3d, as a condition for the recommencement of the action.

A plaintiff does not have an absolute right to discontinue his action. Leave to discontinue may be denied in the discretion of the court if the rights of defendants, third parties, or the public will be substantially prejudiced by discontinuance.[9] The trial court has the authority to compel a plaintiff to proceed with trial or take a dismissal upon the merits.[10] Under the circumstances of this case, it would not have been an abuse of discretion for the trial court to have dismissed the action upon the merits.

Plaintiff was not personally in court nor prepared to try his case, although the trial date had been set two months in advance. At the conference of court and counsel in July, counsel for plaintiff had indicated the possibility that he would move for a change of venue and the court had directed him to make any such motion before the trial date. He had made no motion in the interim, nor given any notice of his intention to make the motions he made on October 3d. In the event of denial of the motions, the orders would not be appealable. If there were to be no trial on October 3d, the people on the jury panel might have been excused from coming to the courthouse and defendants need not have completed the preparation of their defense.

Had the court entered judgment dismissing the action on the merits, statutory costs would have been allowed as a matter of course.[11] Even if the court had considered that plaintiff had shown cause for a continuance, plaintiff would have been required to make immediate payment of the fees of witnesses in actual attendance and reasonable attorney's

[9] *Burling v. Burling* (1957), 275 Wis. 612, 82 N. W. (2d) 807.
[10] *Boutin v. Andreas* (1915), 161 Wis. 152, 152 N. W. 822.
[11] *French v. Continental Assur. Co.* (1938), 227 Wis. 203, 278 N. W. 388.

fees.[12] The statutes also authorize the court to impose conditions on a stay pending appeal from an order.[13] In a divorce case, this court has held that a plaintiff is not entitled to an unconditional discontinuance but the court may, in its discretion, require him, as a condition of discontinuance, to pay the reasonable expenses incurred by the wife in defense of the action.[14] None of the situations just mentioned is an exact counterpart of the situation at bar, but the statutes and decisions support by analogy the thought that terms may be imposed here.

The circuit court evidently concluded that plaintiff's failure to prepare for trial in reliance upon the expectation that his motions would be granted, or that if denied he could obtain a stay pending appeal was unreasonable. Plaintiff had made no effort to avoid expense on the part of the defendants and the public which would be fruitless if the case were not tried on October 3d. The court concluded that justice required plaintiff to make good for the unnecessary expense before being permitted to commence a new action. We agree that the theory is sound.

We conclude, however, that the amounts allowed were unwarranted in certain respects. Had plaintiff made his motions in advance of the trial date, or, if he could not with due diligence have obtained the jury list before September 27th, had he advised the court and counsel of his intentions, the court would have had an opportunity to postpone the trial and obviate the attendance of jurors. The attendance of counsel for defendants and the judge would, nevertheless, have been required at the hearing on the motions. Much of defense counsel's preparation for trial prior to October 3d will still be useful in the event a new action is commenced

[12] Sec. 270.145 (6), Stats.; *Zutter v. Kral* (1955), 268 Wis. 606, 68 N. W. (2d) 590.
[13] Sec. 274.24, Stats.
[14] *Schulz v. Schulz* (1906), 128 Wis. 28, 107 N. W. 302.

and comes to trial. In the absence of more-palpable substantiation for a larger amount of attorney's fees than appears in the record, we deem the sum of $100 reasonable. Since Judge Swietlik's per diem and expense in traveling to Rhinelander would presumably have been the same for hearing of a motion, reimbursement for those sums should not be required. We do not deem it unreasonable under the circumstances disclosed by the record to require reimbursement to the county of money which need not have been expended.

Plaintiff contends that it is contrary to public policy to allow costs except as provided by statute, and that he has a constitutional right to obtain justice freely, promptly, and without delay. The terms were not imposed, however, as a fee for the day in court to which he is entitled, but as a condition of having a second day, which is not his as a matter of right.

4. *Defendants' request for review.* Under the circumstances the circuit court did not abuse its discretion in denying defendants' motion to dismiss the complaint upon the merits.

*By the Court.*—The appeal from the orders denying the challenge to the array and plaintiff's request for change of place of trial is dismissed. The order dismissing the complaint without prejudice is modified to reduce the amount to be paid to the clerk of circuit court to the total sum of $431.50, $100 thereof to be distributed to counsel for the defendants, and $331.50 thereof to be distributed to Oneida county. As so modified, the order is affirmed.

Dieterich, J. (*dissenting in part*). I can find no authority for making the order appealed from and the reasons of the majority do not convince me of such power in the trial court. The order appealed from is without precedent. It grants a nonsuit and makes it a condition that suit may

again be started only on the payment of $923.10, which includes reimbursement for the expense of the attendance of the jury panel. Such excessive fees amount to a penalty. In any event, if the suit is not again started the trial court's order provides for statutory costs and disbursements and no attorney's fees.

In any event, the costs of the attendance of the jury panel should not have been allowed by this court. In the record before us, a very serious question is raised that the panel of jurors was not properly selected. It is true the merits of the appellant's arguments cannot be determined on this appeal, but the majority has seen fit to recognize the problem and to advise the jury commissioners how to avoid the question in the future. If the jury was not properly impaneled, there is no justice in requiring the plaintiff to pay the costs of impaneling it.

I am authorized to state that Mr. Justice HALLOWS joins in this dissent.