TRAVELERS INSURANCE COMPANY, Plaintiff, v. FIDELITY & CASUALTY COMPANY OF NEW YORK, Defendant: OHLAND, Defendant and Respondent: BURLINGTON NATIONAL BANK, Impleaded Defendant and Appellant.

*April 2—April 28, 1964.*

For the appellant there was a brief by *Wickhem & Consigny* of Janesville, and *Ruzicka, Fulton & Lloyd* of Burlington, attorneys, and *Wickham, Borgelt, Skogstad & Powell,* and *Kurt H. Frauen* and *Robert C. Watson* of counsel, all of Milwaukee, and oral argument by *Mr. Frauen.*

For the respondent there was a brief by *Garrigan, Keithley, O'Neal, Dobson & Elliott* and *Donald L. Dobson,* all of Beloit, and oral argument by *Jerome Elliott.*

HALLOWS, J. Whether or not the issue is raised by counsel, this court must take notice of any matter which impinges its jurisdiction on appeal and will dismiss the appeal *sua sponte* if the order of the trial court is not appealable. In such cases we lack the necessary jurisdiction to decide the appeal.[1]

The appellant contends the court's order sustaining the demurrer but granting leave to amend affected a substantial right of the bank since the statute of limitations had then run on the cause of action and also the order regardless of its form in effect overruled its demurrer by allowing an amendment of the pleadings. Recourse is thus had to sec. 274.33, Stats., governing appealable orders. By sub. (1) of this section, an order may be appealed if it affects a substantial right and in effect determines the action and prevents a judgment from which an appeal might be taken and by sub. (3) an order which sustains or overrules a demurrer is appealable. If the part of the instant order appealed from affects a substantial right of the appellant, it did not determine the action

---

[1] *Yaeger v. Fenske* (1962), 15 Wis. (2d) 572, 113 N. W. (2d) 411; *Szuszka v. Milwaukee* (1961), 15 Wis. (2d) 241, 112 N. W. (2d) 699; *Estate of Baumgarten* (1961), 12 Wis. (2d) 212, 107 N. W. (2d) 169; *Kimmel v. Kimmel* (1960), 9 Wis. (2d) 484, 101 N. W. (2d) 666; *Mitler v. Associated Contractors* (1958), 3 Wis. (2d) 331, 88 N. W. (2d) 672.

for the merits are still to be tried or prevent a judgment from which an appeal might be taken—at least not a judgment from which the appellant could appeal.[2]

We do not agree the order sustaining the demurrer with leave to plead over or amend the pleading constitutes in substance an order overruling the appellant's demurrer and thus adverse so as to permit it to appeal the order under sec. 274.33 (3), Stats. The sustaining of a demurrer is a separate, distinct, and complete act in itself. It does not necessarily entitle the successful party to a dismissal of the pleading as a matter of right. The court has the inherent power to grant leave to amend or plead over. The part of the order made in the exercise of this power has not been endowed with the attribute of appealability by the statute.

*By the Court.*—Appeal dismissed.

---

[2] *State Department of Public Welfare v. LeMere* (1962), 17 Wis. (2d) 240, 116 N. W. (2d) 173; *Russell v. Johnson* (1961), 14 Wis. (2d) 406, 111 N. W. (2d) 193; *Schlesinger v. Schroeder* (1933), 210 Wis. 403, 245 N. W. 666.