### FUGITT v. LAKE ERIE & W. R. CO.

(District Court, N. D. Ohio, W. D.   March 12, 1923.)

No. 2580.

**1. Removal of causes ⟨⟩115—Removed cause is not governed by state law, except under Conformity Act.**

An action, which was begun in a state court and removed to the United States court, is not burdened with all of the incidents of state practice, but becomes one over which the United States court has complete jurisdiction, unaffected by any state statute, except in so far as such statutes govern under the Conformity Act (Rev. St. § 914; Comp. St. § 1537).

**2. Courts ⟨⟩339—Conformity Act does not subject court's discretion to state control.**

The Conformity Act (Rev. St. § 914; Comp. St. § 1537), requiring the practice, pleadings, forms, and modes of proceeding in civil causes to conform as near as may be to those in like cases in the state courts, does not make all state procedure controlling in a federal court, but permits the federal court to disregard such procedure when it is in the interest of justice to do so, and a federal court is not required to submit to the state practice in a matter which involves its discretion respecting the final disposition of the case.

**3. Evidence ⟨⟩82—It is presumed holding case for trial was in the interest of justice.**

Where the court in a prior action held the case for trial, notwithstanding the failure of plaintiff and his counsel to appear on the day set for the trial, it is presumed that the court's action was taken in the interest of justice.

**4. Removal of causes ⟨⟩100—Remand may be denied, where prosecution in state court was already enjoined.**

Even though a cause removed to the United States court is one in which a remand should be ordered, a motion therefor will be denied, where the prosecution of the action in the state court was already enjoined by a final decree of the United States District Court.

**5. Dismissal and nonsuit ⟨⟩60(9)—Statutory provision, court "may" dismiss for plaintiff's nonappearance, does not require dismissal.**

The word "may" in a statute means "must" or "shall" only where the public interest and rights are concerned, and where the public or third persons have a claim de jure that the power should be exercised; otherwise, it has its ordinary permissive meaning, so that the provision of Gen. Code Ohio, § 11586, that the court may dismiss for plaintiff's failure to appear at time of trial, does not prevent the court, in the interest of jus-

---

⟨⟩For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

tice to defendant, from proceeding with the trial, notwithstanding plaintiff's nonappearance.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, May (in Statutes as Permissive or Mandatory).]

At Law. Action by John T. Fugitt against the Lake Erie & Western Railroad Company, begun in the state court and removed to the United States District Court. On motion to remand to the state court. Motion denied.

Young & Young, of Norwalk, Ohio, for plaintiff.

Howard Lewis, of Doyle & Lewis, of Toledo, Ohio, for defendant.

KILLITS, District Judge. This case is before the court on a motion to remand. The circumstances are of an interesting character. The plaintiff claims that he has a cause of action arising against the defendant in 1913. On this, December 2, 1915, he commenced an action for damages in the court of common pleas of Huron county, Ohio. The defendant removed the case to this court. A motion to remand was overruled, and the case held here for trial; the issues being closed by appropriate pleadings. Pursuant to due assignment for trial to a jury the case was called April 24, 1917. Neither the plaintiff nor his counsel appeared, whereupon, on motion of the defendant, a jury was impaneled, defendant's witnesses heard as to the nature of the cause of action, and the matter submitted to a jury, resulting in a verdict for the defendant. Judgment thereon followed in due course.

A few weeks after the judgment, the plaintiff began the action now before us upon the same issues of fact as before, planting his case again in the court of common pleas of Huron county, basing his cause of action then definitely upon the federal Employers' Liability Act (Comp. St. §§ 8657–8665). Thereupon the defendant railroad company filed its complaint in this court on the equity side for an injunction restraining the plaintiff and his counsel from prosecuting the present action in the state court. A temporary order was obtained and served upon plaintiff and his counsel. Then a petition for removal to bring up the second case was filed in the state court, accompanied by the usual bond, whereby, as of course, removal to this court was effected. The petition included allegations bringing into this record the injunction proceedings, which, it is conceded, are now before the court herein, as well as the record of the first case. A motion to remand followed, and is now under this court's consideration.

In the meantime, however, plaintiff and his counsel defaulted, although duly served, in the injunction case. A decree pro confesso was entered, followed in due course by final order of injunction restraining the prosecution in the state court of the present action. No appeal at this time lies from the final order of injunction. It is somewhat difficult to see how the plaintiff can prosecute this case with impunity in the state court, should his motion to remand be granted. Except, as it appears from the present record, that this case is sought to be prosecuted in the state court in defiance of the injunction obtained by the defendant here, it would seem that this case is remandable.

[1] The plaintiff's theory of the situation is this, quoting from the brief of his counsel:

"The former action was one arising in the Ohio court of common pleas. Upon its removal to the federal court, it still remains to be governed by the laws of Ohio."

That is to say, that merely to plant in a state court a case of which this court has jurisdiction is to burden it with all of the incidents of state practice in case it is removed. To this proposition we cannot accede. The former case, when removed, became one over which this court had complete jurisdiction, unaffected by any Ohio statute, except those which we are obliged by federal legislation to consider. The fact that plaintiff saw fit to start his case in the state court does not, of itself, carry into this court, after removal, any of the provisions of the Ohio law, so far as procedure is concerned. The only thing which governs in that particular is section 914 of the Revised Statutes (Compiled Statutes, § 1537; Act June 1, 1872), which reads as follows:

"The practice, pleadings, and forms and modes of proceeding in civil causes, other than equity and admiralty causes, in the Circuit and District Courts, shall conform, as near as may be, to the practice, pleadings, and forms and modes of proceeding existing at the time in like causes in the courts of record of the state within which such Circuit or District Courts are held, any rule of court to the contrary notwithstanding."

The question, then, is whether, following that provision of the federal law, this court was, in disposing of the first case in April, 1917, controlled by the provisions of section 11586 of the General Code of Ohio, which reads, quoting the material parts:

"An action may be dismissed without prejudice to a future action: * * * 2. By the court, when the plaintiff fails to appear on the trial. * * * In all other cases the decision must be upon the merits, upon the trial of the action."

If the plaintiff has any relief at all, it is on the theory that the Conformity Act, quoted above, requires this court to follow the Ohio statute just quoted, and that, therefore, the action of this court in submitting, on the demand of the defendant, following the nonappearance of the plaintiff, the issues made to a jury, was futile and of no effect.

[2] The Supreme Court in Indianapolis & St. Louis R. Co. v. Horst, 93 U. S. 291, 23 L. Ed. 898, interpreted the Conformity Act in this language, quoting from the bottom of page 300 of the opinion in 93 U. S. (23 L. Ed. 898):

"The conformity is required to be 'as near as may be'—not as near as may be *possible*, or as near as may be *practicable*. This indefiniteness may have been suggested by a purpose; it devolved upon the judges to be affected the duty of construing and deciding, and gave them the power to reject, as Congress doubtless expected they would do, any subordinate provision in such state statutes which, in their judgment, would unwisely incumber the administration of the law, or tend to defeat the ends of justice, in their tribunals. While the act of Congress is to a large extent mandatory, it is also to some extent only directory and advisory."

This interpretation has been constantly followed, to the disregard of a long catalog of state provisions affecting the practice and procedure. It would require much effort to refer to them all. Those interested

should read the annotations to the case cited as they appear in Rose's Notes, and as the case is cited in later decisions. It is sufficient to note that the line of discrimination appears to be drawn where the state statute assumes to control the discretion of the court in the final disposition of the case. By settled adjudication under the conformity statute, the court had the power to disregard such procedure where it seemed to be in the interest of justice to do so. We do not believe that the Conformity Act requires a federal court to submit to the dictation of the state practice a matter which involves its discretion respecting the final disposition of a case over which, both as to facts and parties, it has complete control.

[3] There is a presumption that the court acted in the interest of justice in holding the first case to trial. Unimpeached, therefore, the judgment therein has become final upon the merits. In the petition in the present action, as filed in the state court and removed here, plaintiff recites the fact that his case had been once before in this court. That was necessary for him to do, in order to save the running of the statute of limitations against him, and, as we have said, the situation has become thoroughly exposed on the record as to all the other controlling matters.

[4] Our conclusion is that we ought not to allow this case to be remanded when, if that is done, the plaintiff would clearly put himself in an attitude wherein he could be attached for violation of the injunction decreed against him here, but that this case should be held here for final determination, which could only result, obviously, in its dismissal.

[5] Section 11586 of the General Code of Ohio, the essential parts of which we have quoted, has received very little interpretation. In Central Trust Co. of New York v. Burke (Franklin Common Pleas) 4 Ohio Dec. 257, 3 Nisi Prius, 214, it is said that the section does not define or control all the powers of the court respecting the dismissal of cases, but that the court, having inherent common-law powers independent of any statute, may decline to permit a discontinuance or dismissal where it would cause injustice. The first query naturally arising in attempting to interpret this statute is as to the force of the word "may" in the first clause. The general rule of interpretation respecting the use of this word is set out in the definition in Bouvier's Law Dictionary, title "May," and is exhaustively considered in the note to State ex rel. v. Henry, 87 Miss. 125, 40 South. 152, as reported and annotated in 5 L. R. A. (N. S.) 340.

It seems that the principle quoted with approval by Chancellor Kent in Newburgh Turnpike v. Miller, 5 Johns. Ch. (N. Y.) 101, 113, 9 Am. Dec. 274 that the word means "must" or "shall" only in cases where the public interest and rights are concerned and where the public or third persons have a claim de jure that the power should be exercised, has become settled. Otherwise than under such circumstances, the word has its ordinary permissive meaning. Applying this rule to such a situation as we have before us, it would seem that the plaintiff had no standing, when the first case was up for trial, to invoke the statute in question as obligatory upon this court. Whatever right he might have had to dismiss his case under the first clause of the act

prior to the trial day, a clause which we have not quoted, would not measure his right here after he had allowed his opponent to put itself to all the inconvenience and expense of preparation for a trial without notice, which the plaintiff could readily have given, that no trial would in fact be insisted upon by him.

Under these circumstances we are very clear that, even if the statute controlled this court in any respect, we were justified in a construction of the word "may" which would leave to the court a discretion to disregard it. With the language of the statute as it is, we hold that there is a discretion in the court to follow it or not according to the special circumstances in face of which it is invoked, and that the word "may" is mandatory, directory, or no more than feebly permissive, according to the facts involved in the particular case. Here, going to the record allowed to be made by plaintiff in the first case, we are clear that it would have been an abuse of discretion to have humored plaintiff's thought that he was at liberty to force a dismissal by simple nonattendance on the day of trial.

In oral presentation of the motion to remand by counsel for plaintiff, we were asked to go to the record of all three cases, that the plaintiff and his counsel might have advice respecting the position in which they severally stood. An explanation was offered to us for the disregard of the injunction order. We were told that it was counsel's opinion, upon which plaintiff depended, that the order was futile because of the assumed authority over this court of the Ohio statute in question, which would leave the court without jurisdictional facts to sustain its entertaining the equity case, and that the court's decree therein might be ignored, even though it had been allowed to become permanent by default. Accepting the request for advice, we suggest, after the fashion of a notice, that the decree in question has vitality, that it cannot be ignored with impunity, and that the present case may not be prosecuted with safety. Perhaps, as we have already suggested, if we should adhere to the strict letter of the record made before us, the present case should be remanded. But clearly, should that be done, the plaintiff and his counsel would be subject to situations which would be effective to control their action and make anything they might attempt to do of no consequence.

The wise thing to do is to submit to an order overruling the motion to remand and to follow this with a dismissal of the case in this court with prejudice, for, if prosecuted here, it would open an opportunity for the further order of this court.