ORNDORFF, APPELLANT, *v.* THE OHIO POWER CO., APPELLEE.

(No. 650—Decided December 11, 1943.)

*Messrs. Leasure, Guffey & Leasure* and *Messrs. Harrison & Marshman,* for appellant.

*Messrs. Tussing & Lane* and *Messrs. Meyer, Johnson & Kincaid,* for appellee.

SHERICK, J. This appeal on a question of law presents the single query as to whether a trial court must dismiss an action for want of prosecution on the day of trial when a plaintiff has "no intention of voluntarily dismissing the case" or of "proceeding with the trial," but recommends that the court do so upon its own motion.

Plaintiff sustained an injury in September of 1936. His action for damages grounded thereon was commenced in 1938. Trial was not had until July of 1943. During the five years the cause was pending, preliminary matters were disposed of, pleadings were amended and answers were filed which set forth affirmative defenses. No setoff or counterclaim was pleaded or relied upon. No reply was filed denying the affirmative defenses. The cause was at least once previously brought to trial, at which a jury was impaneled. That episode resulted in the court declaring a mistrial. After numerous continuances for one cause or another, the parties agreed upon a day for trial at which a nonresident judge was to preside. Defendant with its counsel and witnesses attended. The plaintiff and his counsel did not attend. Their absence was in conformity to counsel's letter addressed to the court stating that plaintiff would not voluntarily dismiss his case and recommending to the court that it should do so of its own motion. The obvious purpose was to avoid a voluntary dismissal by plaintiff, to establish that the action of dismissal was by the court which action defeated plaintiff other than upon the merits, and, thereby, to permit plaintiff to commence a new action within a year under favor of Section 11233, General Code, long after the limitation of two years within which such actions must be commenced.

Plaintiff did not appear when the cause was called for trial. Thereupon the court recessed a reasonable time awaiting plaintiff's appearance and plaintiff not

appearing, the court proceeded to and did impanel a jury. Shortly thereafter, plaintiff's counsel did appear and upon request declined to make an opening statement or to go forward with the case. He did, however, reiterate his refusal to voluntarily dismiss the cause and insisted that the court dismiss it as of its own motion. This the court declined to do. Thereupon plaintiff's counsel retired from the courtroom and defendant was permitted to produce evidence supporting its affirmative defenses. At the trial's conclusion defendant moved for a directed verdict. The motion was sustained and the jury so instructed. In conformity therewith the jury returned a verdict for defendant upon which judgment was entered and from which plaintiff appeals.

The respective claims of the parties are confined to two sections of the General Code, which are Sections 11586 and 11587. The pertinent portions thereof are as follows:

Section 11586: "An action may be dismissed without prejudice to a future action:

"1. By the plaintiff, before its final submission to the jury, or to the court, when the trial is by the court;

"2. By the court, when the plaintiff fails to appear on the trial; * * *."

Section 11587: "If a setoff or counterclaim be pleaded, the defendant shall have the right to proceed to a trial of his claim although the plaintiff has dismissed his action, or fails to appear."

Plaintiff insists that the word "may" appearing in Section 11586, General Code, has the force of and is equivalent to the word "must"; and that Section 11587, General Code, prescribes that a defendant may be permitted in but two instances to submit his side of a controversy after a plaintiff's cause has been dismissed; that is, only when a defendant has pleaded a

setoff or counterclaim, which the defendant did not do in the present instance. It is maintained that Section 11587, General Code, must be construed and interpreted in the light of the maxim, "*expressio unius est exclusio alterius*," which is to say that inclusion of setoff and counterclaim within the statute implies the exclusion of all other situations therefrom. The defendant (appellee) controverts these claims with two pertinent observations; first, that the language of Section 11586, General Code, is permissive and not mandatory; second, that inasmuch as setoff or counterclaim were not pleaded in this case, the latter section can have no application to this cause.

It is elemental that courts at common law possessed inherent power independent of statute to regulate practice in the trial of actions, which of course included the matter of dismissal. It is equally true that our courts still possess these powers unless they have been abridged by statute. If the entire subject of dismissals is completely covered by legislative acts then discretion disappears and courts must follow the statutory direction. Does Section 11586, General Code, completely cover the subject of dismissals? The answer is of course in the negative. The section simply prescribes that a plaintiff or the court may dismiss a cause without prejudice in six specific ways, all of which were recognized under the common law. In this respect the section is simply declaratory of it. The statute concludes, that "in all other cases the decision must be on the merits, upon the trial of the action." In that regard the section is antagonistic to the common law. It forbids dismissals without prejudice in any other way than the six specified ways. From these inescapable observations it is apparent that its antagonistic feature is the only portion thereof which changed pre-existing practice, and manifested the legislative reason for so doing. It sought to curtail

the right of a plaintiff and the court from effecting dismissals without prejudice other than in the six enumerated ways. It was remembered that a defendant might possess rights; that he might insist on a decision on the merits, and that the action against him be brought to an end when an involuntary dismissal worked an injustice against him.

In *Conner* v. *Drake,* 1 Ohio St., 166, 170, in a case decided before the adoption of the enactment of the Code of Civil Procedure, the court had this to say concerning dismissals:

"The propriety of permitting a complainant to dismiss his bill is a matter within the sound discretion of the Court, which discretion is to be exercised with reference to the rights of both the parties, as well the defendant as the complainant. After a defendant has been put to trouble and expense, in making his defense, if, in the progress of the case rights have been manifested that he is entitled to claim, and which are valuable to him, it would be unjust to deprive him of them, merely because the complainant might come to the conclusion that it would be for his interests, to dismiss his bill. Such a mode of proceeding would be trifling with the court, as well, as with the rights of defendants."

It is fairly well settled, as said by Chancellor Kent, in *Newburgh Turnpike* v. *Miller,* 5 Johns. Ch. (N. Y.), 101, 9 Am. Dec., 274, 279, that:

"In respect to statutes, the rule of construction seems to be that the word may means must, or shall, only in cases where the public interests and rights are concerned, and where the public or third persons have a claim *de jure.*"

The court in *Fugilt* v. *Lake Erie & W. R. Co.,* 287 F., 556, considered a matter of dismissal and the force of the word "may" appearing in Section 11586, General

Code. The court, though not bound to follow the statutory provision, adopted the rule of the *Newburgh Turnpike case, supra,* and concluded under the circumstances encountered by it, that:

"It would have been an abuse of discretion to have humored plaintiff's thought that he was at liberty to force a dismissal by simple non-attendance on the day of trial."

Without enumerating a considerable number of authorities which conform to the views herein expressed, we content ourselves with direction to Volume 26 of Words & Phrases at p. 795, and to 5 L. R. A. (N. S.), 340, if the subject is desired to be further pursued.

The second phase of our inquiry requires a determination of the force and intent of the provisions of Section 11587, General Code, previously quoted. Clearly it provides that neither a plaintiff nor the court may dismiss plaintiff's claim when the defendant has pleaded a setoff or counterclaim, and thereby deny defendant his right to proceed to trial. The section forbids a practice which could be pursued under the common law. It not only was intended to prevent duplication or multiplicity of actions, and the injustice countenanced by an involuntary dismissal of defendant's cause of action; but sought to settle all joinable claims between the same parties in one action. The Legislature in this case was dealing with dismissals of plaintiff's actions occurring in causes wherein defendants had countered by pleading causes of action against plaintiff. It was not legislating on matters which involved mere defensive denials or affirmative defenses. It had already taken care of such situations in the preceding Section 11586, General Code.

It has frequently been held that the maxim is not of universal application and that it should be cautiously invoked in statutory construction. It is used as an aid in determination of legislative intent, illusive as

it sometimes is, but never to defeat an intent which is clearly indicated and free of doubt or ambiguity. The section deals with but one subject, that is cross causes of action where a plaintiff's claim is dismissed. The maxim is not applicable to the section, or the section to the situation here encountered.

It is the judgment of this court that Section 11586, General Code, is the relevant statute, and that the trial court had inherent power to proceed upon the course it did pursue. In view of the state of the record before it, it did not abuse its discretion. The judgment is affirmed.

*Judgment affirmed.*

MONTGOMERY, P. J., and PUTNAM, J., concur.