GRAY, APPELLANT, v. GRAY, APPELLEE.

(No. 4922—Decided May 28, 1956.)

*Mr. George A. Meekison* and *Mr. Otto W. Hess,* for appellant.

*Messrs. Cline, Bischoff & Cook,* for appellee.

CONN, J. This is an appeal on questions of law by plaintiff, appellant herein, from a judgment of the Common Pleas Court dismissing this cause for want of prosecution, at plaintiff's costs.

When this cause was reached for hearing in this court, it appeared that the bill of exceptions filed herein had not been allowed and signed by the trial judge as required by Section 2321.07, Revised Code. Thereupon, the cause was remanded to the Common Pleas Court for correction, if necessary, allowance, signing and retransfer to the office of the clerk of that court, with any amendments or objections.

Subsequently, this cause was again reached for hearing in this court and, it appearing that the bill of exceptions had not been allowed by the trial court upon remand thereto, the cause proceeded and was heard and submitted on the original papers, transcript of the docket and journal entries, the briefs and oral arguments of counsel.

It is well settled that the failure of the trial court to approve the bill of exceptions in a given case (or where the bill is regularly approved but not filed within the time fixed by statute) does not affect the jurisdiction of a reviewing court if the error assigned is disclosed on the record of the trial court, including

stipulations or admissions of counsel, if any. Plaintiff's assignment of error is that the judgment dismissing this action for want of prosecution is contrary to law.

Confining our consideration to the original papers, file jacket, transcript of entries, arguments and briefs of counsel, we call attention first to certain matters disclosed and which we deem material in adjudging the issues raised on this appeal.

On July 25, 1949, the plaintiff filed his petition in the Court of Common Pleas against defendant, wherein he alleged that defendant had wrongfully converted certain U. S. Treasury bonds, in the amount of $4,500, to her own use.

Plaintiff prayed that defendant be declared to be a trustee of the proceeds of the bonds and that she be required to make a full accounting to plaintiff. It is also alleged that prior to the year 1945, plaintiff and defendant were husband and wife.

Defendant filed an answer to plaintiff's petition, and some months later, by leave of court, filed her answer and cross-petition, containing a general denial and setting up two causes of action against plaintiff, praying for a money judgment on her first cause in the amount of $2,200, and interest; and, on her second cause, she prayed for the sum of $10,000 as damages for wrongful conversion, to which plaintiff answered by way of general denial. The transcript discloses that motions and supporting briefs were filed, directed to the petition and also to the cross-petition, and that the issues were finally made up.

It appears further that the case was assigned for trial in December 1951; that subpoenas *duces tecum* were issued on behalf of plaintiff, each returnable December 10, 1951; that plaintiff and defendant were each sworn as witnesses; and that the costs show an item, among others, of $12, "stenographer, 3-days."

Furthermore, it appears in the brief of defendant that eight subpoenas for witnesses were filed on behalf of plaintiff; that a hearing was had in the trial court "which lasted several days in December 1951. and witnesses testified on behalf of both plaintiff and defendant"; and further that the cause was continued "for the purpose of the plaintiff and defendant both submitting to a lie detector test. This was never done." So far as the record shows, the trial of the case was never resumed.

Thereafter, the following entries appear on the trial court's docket:

"1954

"Oct. 28 Cause ordered placed on the inactive list. Further ordered that this cause is not to be removed from the inactive list and placed on the trial or active list unless written motion has been filed by counsel and said motion has been granted by the judge to whom the case is presently assigned. Jour. 344-353.

"1955

"Dec. 16 Dismissed for want of prosecution at plaintiff's costs. No record. J. E. 347-289."

We call attention to rule 11 of the rules of practice of the trial court, which provides, among other things, that the assignment commissioner shall maintain, but not be required to publish, a list of inactive cases which shall be called the "Inactive List"; and also that the commissioner is directed to select from the inactive list of the cases assigned to each judge and cause to be published in the Legal News a list of cases to be dismissed for want of prosecution. At the time designated, upon docket call, the cases on such list shall either be "dismissed for want of prosecution or some other appropriate action shall be taken thereon."

It appears that plaintiff and his counsel were nonresidents, and the record does not disclose that either plaintiff or his counsel were advised of the action of the trial court in placing the instant case on the inactive list following the continuance of the trial, or that the assignment commissioner had subsequently taken the case from the inactive list and placed it on the list of cases to be dismissed for want of prosecution.

The trial court is authorized to dismiss an action for want of prosecution by Section 2323.04, Revised Code, which provides as follows:

"The court may dismiss a petition with costs in favor of one or more defendants in case of unreasonable neglect on the part of the plaintiff to serve the summons on other defendants, or to proceed in the cause against the defendants served."

That statute is not mandatory, and its provisions are quite limited and hardly provide a basis for dismissal applicable to

the instant case, where it appears that the issues were made up on the pleadings and the cause had proceeded to trial and was partially tried, continued and subsequently, by order of court, placed on the inactive list, and nothing of record tends to show that plaintiff's own conduct, or that of his counsel, caused the delay in proceeding further with the trial.

However, it is generally recognized that courts have inherent power, independent of statute, to dismiss an action where it appears that plaintiff has failed to have summons issued for an unreasonable period, or there is an unreasonable delay in serving summons, or on failure to comply with an order of the court or diligently prosecute his case. The right of the court to dismiss for want of prosecution must be determined in the light of the surrounding facts and circumstances and in the exercise of the sound discretion of the court.

17 Ohio Jurisprudence (2d), 619, Section 14; 17 American Jurisprudence, 88, Section 57; *Banks, Admx.,* v. *Ohio Power Co.,* 157 Ohio St., 10, 103 N. E. (2d), 819.

In the *Banks case* the trial court granted plaintiff leave to file a third amended petition (which was filed on the same day leave was granted) and, thereafter, the court sustained a motion to dismiss the amended petition, and judgment was rendered against plaintiff for costs. On appeal, the Court of Appeals affirmed the judgment of the trial court. The Supreme Court held that it was an abuse of discretion for the trial court to dismiss the cause for want of prosecution, under the facts and circumstances, and reversed the judgment of the Court of Appeals and remanded the cause to the Common Pleas Court for further proceedings. The syllabus of that case is as follows:

"Where a court grants leave to file a third amended petition and the plaintiff files such pleading within the period of leave granted, the action of the court in sustaining a motion to dismiss the cause for lack of prosecution based upon failure of the plaintiff to prosecute the action which occurred prior to the grant of leave to file such amended petition is an abuse of discretion."

Section 2323.05, Revised Code, provides that an action may be dismissed without prejudice to a future action on six

grounds, specified in the statute, and concludes with the following provision:

"In all other cases, the decision must be on the merits, upon the trial of the action."

That section and the preceding section cited above appear to limit the power of the trial court in the matter of the dismissal of an action unless, under all the facts and circumstances, the case falls generally within the provisions of the statutes.

See: *Orndorff* v. *Ohio Power Co.*, 75 Ohio App., 94, 61 N. E. (2d), 213; *Raible* v. *Raydel*, 162 Ohio St., 25, 120 N. E. (2d), 425.

In *Raible* v. *Raydel, supra,* the Supreme Court held that the trial court may dismiss an action, pursuant to subdivision 5, Section 11586, General Code (now subdivision E, Section 2323.05, Revised Code), where plaintiff in an action is subpoenaed into court and fails to appear.

In the instant case, the claims of the parties have been regularly pleaded and the issues raised partially heard. Neither side has asked for a continuance, and there is no showing that plaintiff has disobeyed any order of the court or that the delay in concluding the trial has been brought about by either plaintiff or defendant.

The purpose of the trial court to keep its docket reasonably current is commendable. However, rights of litigants may not be infringed in order to reach this objective.

We have examined the authorities relied on by defendant, appellee herein, relating to the order and judgment of the trial court dismissing plaintiff's action, and it appears quite clearly that the several cases cited can be distinguished on the basis of the distinctive character of the facts and circumstances shown on the record in the instant case.

We are of the opinion that plaintiff's assignment of error, that the order and judgment of the trial court are contrary to law, should be sustained.

The judgment is reversed and the cause remanded for further proceedings.

*Judgment reversed and cause remanded.*

DEEDS and FESS, JJ., concur.